[No. 9969.   Department Two. —January 29, 1886.]

JOHN  APPLEGARTH,  RESPONDENT,  v.  SIDNEY DEAN, APPELLANT.

68  491
124   18

MORTGAGE — FORECLOSURE — EXCESSIVE JUDGMENT — ACTION TO RECOVER EXCESS. —In an action to foreclose a mortgage, a judgment was rendered in favor of the mortgagee, for an excessive amount, under which the mortgaged premises were sold, and bought in by him, and a judgment for a deficiency docketed in his favor. The mortgagor subsequently redeemed the mortgaged premises by paying to the sheriff the amount for which the sale was made, with interest thereon, and paid to the mortgagee the amount of the deficiency. On an appeal, the Supreme Court modified the judgment by remitting the excess. The action was brought by the mortgagor to recover the excessive amount paid in redeeming the mortgaged premises. *Held*, that the statute of limitations did not commence to run against the plaintiff until the modification of the judgment by the Supreme Court.

ID. — COMPLAINT. — Certain objections to the complaint as ambiguous and as uniting several causes of action in the same count, *held*, not well taken.

APPEAL from a judgment of the Superior Court of Merced County.

The facts are stated in the opinion.

*J. K. Law,* for Appellant.

*W. S. Goodfellow,* and *E. Jackman,* for Respondent.

FOOTE, C.—Action to recover $504.75 paid upon a judgment in excess of the sum declared actually due upon the same as subsequently modified by the court.

A demurrer was filed to the complaint in the action and overruled. Defendant ,declining to answer over, judgment passed for the plaintiff, and the former appeals.

It is admitted by the pleadings herein that upon the thirty-first day of December, 1881, the defendant in the present action obtained (in another ,suit brought for the foreclosure of a mortgage against the plaintiff, then defendant), in the Superior Court of Merced County, a judgment for $2,317.26, and $253.52 costs and attorney's fees. That on March 6, 1882, the mortgaged property was sold at sheriff's sale for $2,600, for the purpose of satisfying said judgment. That said last-mentioned sum was not sufficient by $125.53 to satisfy that judgment, and a judgment for the deficiency was docketed. That at said sheriff's sale Sidney Dean, the present defendant, then plaintiff, became the purchaser of the mortgaged premises; that thereafter on the fourth day of September, 1882, the plaintiff in this action, then defendant, for the purpose of redeeming said property from the said Sidney Dean, paid to the sheriff for him at the county of Merced the sum of two thousand six hundred dollars, with two per cent per month thereon in addition, and paid the said Dean also the amount of the judgment docketed, as aforesaid; that all of said sums of money so paid were on that same day had and received by the said Dean. That on the twenty-third day of December, 1882, an appeal from said judgment was taken by the present plaintiff

to this court, and that on the eighteenth day of July, 1884, this court modified the judgment so appealed from; that a *remittitur* was sent down to the Superior Court of Merced County, and on the second day of September, 1884, that tribunal, in obedience thereto, modified its former judgment, by substituting for the sum of $2,317.26, as the amount of the principal and interest due and owing thereon, the sum of $1,907.52, and by substituting for the sum of $253.52, the amount of costs and attorney's fees as aforesaid, the sum of $212.55. That before the commencement of this action, viz., on the fourth day of September, 1884, the plaintiff demanded of said Dean the sum of $450.71, as paid in excess of the amount due under the modified judgment, together with interest and percentage upon said sum, as paid by plaintiff as aforesaid, amounting in the aggregate to the sum of $504.75, which payment, so demanded, was by the defendant refused, and which he still refuses to pay.

The demurrer, filed by the defendant, set up the bar of the statute of limitations, under subdivision 1, section 339, Code of Civil Procedure, and that the complaint was ambiguous, unintelligible, and uncertain, in this: as to when the moneys therein alleged to have been paid to the sheriff of Merced County for defendant were so paid, as to when the same were received by defendant, and as to how and for what purpose they were so paid and received; as to what amount or portion of the moneys sued for is claimed to have been paid, in excess of the judgment as modified, by a sale of the premises, on March 6, 1882; what portion thereof was paid by a redemption of said premises from said sale, on September 4, 1882, and what portion thereof was paid to defendant for the deficiency of the judgment, docketed after said sale, on September 4, 1882, as to what portion of said sum of $504.75 sued for it is claimed was paid for interest; what portion for costs and penalties; or what portion for money paid in excess of judgment as modified.

And "that several causes of action are united in said complaint, and not separately stated, in this: that a cause of action for money paid by the sheriff of Merced County to defendant on March 6, 1882, from the proceeds of the sales of plaintiff's lands, and a cause of action for money paid by plaintiff to the said sheriff on September 4, 1882, for a redemption of said land from said sale for defendant's use and benefit, and a cause of action for money paid by plaintiff to defendant on September 4, 1882, for deficiency of judgment docketed, are all united in said complaint, and none of them are separately stated."

The action was not barred by the statute of limitations. The modification of the judgment by the appellate tribunal, by which it was ascertained and judicially declared that Applegarth had paid more money than he justly owed, when he redeemed the mortgaged premises and paid the amount of the docketed judgment, gave him, as against Dean, who was the judgment creditor and purchaser at the sheriff's sale, a new cause of action, which did not accrue until the eighteenth day of July, 1884. (*Reynolds* v. *Harris*, 14 Cal. 667–680; *Bank of the United States* v. *Bank of Washington*, 6 Pet. 19.)

The docketed judgment was paid, but it is not alleged that it was paid in order to redeem the property. It was, until reversed upon appeal, conclusive evidence of indebtedness; execution might have been issued to enforce its payment, and hence, to prevent further costs, etc., it was the right of the defendant therein to pay it. (*Raun* v. *Reynolds*, 18 Cal. 276–291.)

The complaint was not ambiguous, uncertain, or unintelligible; it was sufficient to make "easy of comprehension, and free from reasonable doubt," what it intended to announce as the facts constituting the cause of action. (*Salmon* v. *Wilson*, 41 Cal. 595.)

It is clear that no money was sought to be recovered in this action, except such as came to the hands of the defendant himself by virtue of the redemption of the

mortgaged premises and the payment of the docketed judgment, on the fourth day of September, 1882. Separate causes of action are not, therefore, united in the complaint.

It is perfectly plain that by that pleading the defendant was sufficiently informed, although not with the utmost perspicuity, that the plaintiff demanded of him a certain sum of money, viz., the sum of $504.75; that this sum was made up by an amount of money which he had received from the plaintiff in excess of what was due on a certain judgment, afterward modified by this court, and the interest and percentage on the same; the amount of the excess was declared to be $450.71, which, with such interest and percentage added, amounted to the sum of $504.75.

We perceive no prejudicial error in the records, and the judgment should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.