[S. F. No. 1266. Department Two.—March 10, 1899.]

CHARLES ASHTON et al., Executors, et cetera, Appellants, v. SUNSHINE O. HEYDENFELDT et al., Respondents.

ACTION TO RECOVER SHARES OF STOCK—CLAIM AND DELIVERY—PLEADING. An action of claim and delivery will not lie to recover shares of stock in a corporation, where the proceeding is not aimed at the certificate representing the shares, and it is not mentioned or described in the complaint. "Stock" in a corporation is an incorporeal, intangible thing, not capable of identification or seizure under the writ, in such an action.

ID.—CONVERSION—DEMAND AND REFUSAL.—A complaint averring merely a demand and refusal, without alleging a conversion of the stock, is not sufficient as a complaint for its conversion.

ID.—RESTITUTION OF STOCK DISTRIBUTED UNDER REVERSED DECREE—SUFFICIENCY OF COMPLAINT.—A complaint showing that the stock sought to be recovered by the plaintiffs as executors of the will of a decedent, was the property of the decedent, and was distributed to one of the defendants under a decree of distribution of the estate which was afterward reversed upon appeal, and that the stock was transferred to a codefendant without valuable consideration, and averring a demand upon the defendants for the return of the stock, and their refusal to return the same, states a cause of action in equity for restitution of the stock distributed under the reversed decree, or the payment of its value.

ID.—EFFECT OF REVERSAL OF DECREE—RIGHT TO RESTITUTION.—Upon reversal of a decree under the enforcement of which property has been delivered, the matter stands as if no decree had ever been made, and the parties entitled to its possession, if no decree had been made, are entitled to restitution thereof.

ID.—EQUITY JURISDICTION—ENFORCEMENT OF DELIVERY—COMPENSATION. The suit being in equity to enforce the restitution of the property, after reversal of the erroneous decree, the superior court

has power to compel the delivery of the property received by the defendant under the decree, even though it be of a character such that it cannot be seized under a writ of replevin; or if it is no longer in the possession or control of the defendants, the court may compel compensation in money.

ID.—PLEADING—APPELLATE JURISDICTION—CONSTRUCTION OF CODE—PRESUMPTION.—Section 456 of the Code of Civil Procedure relating to the pleading of judgments, refers to that class of judgments which, prior to its enactment, were required to be pleaded by setting out the jurisdictional facts, and not to judgments of courts of superior or general jurisdiction that are presumed to act by right and within the authority conferred upon them by law; and a complaint alleging the reversal of a judgment by the supreme court upon appeal, of which it had appellate jurisdiction, need not show that it had such jurisdiction, nor aver anything whatever to show its jurisdiction.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion.

Evans & Meredith, and Lester H. Jacobs, for Appellants.

Knight & Heggerty, and George D. Collins, for Respondents.

HAYNES, C.—Action to recover possession of "shares of stock." Defendants' demurrer to the complaint was sustained, and, plaintiffs having declined to amend, judgment of dismissal was entered, and plaintiffs appeal.

The property sought to be recovered is described thus: "Four thousand six hundred and seventy-four shares of the capital stock of the Zeila Mining Company, a California corporation," which stock, it is alleged, was the property of said Solomon Heydenfeldt at the time of his death, and ever since has been the property of his estate; that on October 23, 1893, the superior court made a final decree of distribution of said estate, "that pursuant to said decree said stock was distributed to the defendant Elizabeth A. Heydenfeldt, and was thereafter by her transferred, as plaintiffs are informed and believe, and therefore allege, without any valuable consideration to the defendant Sunshine O. Heydenfeldt, and said stock has ever since been detained by them from the possession of plaintiffs."

It is further alleged "that said decree of distribution was reversed by the supreme court of the state of California, and the matter of said distribution remanded to this honorable court for further hearing"; that no further hearing has taken place; that both the defendants were parties to the proceedings and had notice thereof; that charges and expenses to a large amount have accrued against said estate, which are unpaid; "that since the reversal of said decree plaintiffs have demanded of defendants the return of said stock, but they did then refuse, and have ever since then refused, and do now refuse to return said stock or any part thereof." The value of the stock is alleged to be thirty thousand dollars, and damages for its detention four thousand dollars. The prayer is for judgment for the return of the stock, or, if that cannot be had, then for its value, and for damages.

If the complaint is to be regarded as though the action were in claim and delivery, it does not state a cause of action, inasmuch as "stock" in a corporation is an incorporeal, intangible thing, and therefore incapable of identification, or seizure under the writ. The proceeding is not aimed at the certificate representing these shares, nor is it mentioned or described.

Nor is it sufficient as a complaint for the conversion of the stock, since a conversion is not alleged. The allegation of a demand and refusal is not sufficient as an allegation of conversion, since "the demand and refusal is only evidence of a prior conversion, not in itself conclusive, but liable to be explained and rebutted by evidence to the contrary." (2 Greenleaf on Evidence, sec. 644.) And in *Mires v. Solebay*, 2 Mod. 244, it was said: "It is not found that the servant did convert the sheep to his own use, for the special verdict only finds the demand and the refusal, which is no conversion; and though it is evidence of it to the jury, yet it is not matter upon which the court can give judgment of conversion."

But this point need not be further pursued, since I think the complaint sufficient to require the restitution of the stock distributed under the decree or the payment of its value, said decree having been afterward reversed on appeal to this court. The defendants were parties to the settlement of the accounts of the plaintiffs as executors, and to the decree of distribution men-

tioned in the complaint; and the right of the plaintiffs, as such executors, to the possession of said stock as assets of said estate prior to the decree of distribution cannot be questioned. The decree operated as a judgment against the executors requiring them to deliver said stock to the defendant Elizabeth, and it was so delivered under and pursuant to said judgment, and not as the voluntary or gratuitous act of the plaintiffs, but in discharge of their liability to account for all the assets of the estate which came to their hands. But that decree having been reversed—vacated—on appeal, the matter stood as though no decree had ever been made, and upon another hearing it might appear that the said stock was required for the payment of some debt or liability of the estate, or that some other distributee was entitled to it, and, in such case, the liability of the plaintiffs remaining as though the erroneous decree had never been made, it is obvious that the stock was lost to them by reason of said erroneous decree, and that they are entitled to restitution; and in such case it is provided that relief may be had by action. (Code Civ. Proc., sec. 957.) The right to such relief, however, existed before the statute.

In *Bank of United States v. Bank of Washington*, 6 Pet. 17, it was said: "On the reversal of the judgment, the law raises an obligation in the party to the record, who has received the benefit of the erroneous judgment, to make restitution to the other party for what he has lost. And the mode of proceeding to effect this object must be regulated according to circumstances. Sometimes it is done by a writ of restitution, without a *scire facias*, when the record shows the money has been paid, and there is a certainty as to what has been lost. In other cases a *scire facias* may be necessary to ascertain what is to be restored. (2 Salk. 587, 588; Tidd's Practice, 936, 1137, 1138.) And no doubt circumstances may exist where an action may be sustained to recover back the money. (*Clark v. Pinney*, 6 Cow. 298.)"

In *Raun v. Reynolds*, 18 Cal. 276, 290, this court said: "It does not follow because a party has a right, under a certain state of facts, to a judgment and the fruits of it, that he must necessarily be entitled to those fruits forever afterward. A judgment, so long as it continues unreversed and unsuspended, may be enforced; but when it is reversed, it is as if never rendered; and

CXXIV. CAL.—2

money collected by authority of it may, as a general rule, be recovered back. . . . . Here the equity of Reynolds arose after the reversal, to be restored to whatever he lost by the judgment." (See, also, *Applegarth v. Dean,* 68 Cal. 491, and numerous other cases approving *Raun v. Reynolds, supra,* cited in 2 Notes on Cal. Reports, 64.)

In such cases the plaintiff is entitled to a restitution of everything still in the possession of the defendants, in specie. (Freeman on Judgments, sec. 482.) The suit being in equity the court has power to compel the delivery of the property received by the defendant, even though it be of a character such as to make its seizure under a writ of replevin impossible; or if it is no longer in the possession or control of the defendants the court may compel compensation in money.

It is contended by respondents that there is nothing in the complaint to show that the supreme court had jurisdiction to reverse the decree of distribution; that as no attempt was made to comply with section 456 of the Code of Civil Procedure, it was necessary to show jurisdiction in the supreme court to reverse the decree; and that the supreme court, though a court of record, is not a court of general jurisdiction. The superior court, however, is a court of superior jurisdiction, and is within the rule laid down in *Weller v. Dickinson,* 93 Cal. 108, where it is held that said section refers to that class of judgments which, prior to the enactment of the provision, were required to be pleaded by setting out the jurisdictional facts, and not to "courts of superior or general jurisdiction that are presumed to act by right and within the authority conferred upon them by law"; and Freeman in his work on Judgments, section 452, after referring to certain cases, further says: "But, in so far as these cases indicate that it is essential to aver anything whatever to show the jurisdiction of courts of record, they are not sustained by the authorities." *Weller v. Dickinson, supra,* is cited and approved in *Clark v. Nordholt,* 121 Cal. 26.

Viewed as an action to recover property, or its value, from a party who received it under a judgment afterward reversed, the complaint is not obnoxious to either of the grounds of special demurrer interposed by respondents.

I advise that the judgment appealed from be reversed, with directions that the demurrer to the complaint be overruled.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed, with directions that the demurrer to the complaint be overruled.

McFarland, J., Temple, J., Henshaw, J.