[S. F. No. 1727.   Department One.—November 22, 1900.]

CHARLES ASHTON et al., Executors, etc., Respondents, v. C. J. HEGGERTY et al., Appellants.

REVERSAL OF DECREE OF DISTRIBUTION—RESTITUTION TO EXECUTORS—ASSIGNED PART OF ESTATE.—Upon the reversal of a decree of distribution of the estate of a deceased person, the executors are entitled to restitution of the whole estate, including any part thereof which has been assigned or transferred by the distributee.

ID.—ASSIGNED PROPERTY NOT SUBJECT TO MORTGAGE.—In an action to obtain the restitution of property of the estate which was assigned by the distributee, it is no defense that the assigned property was not subject to an outstanding mortgage, owing to the existence of which the decree of distribution was reversed.

ID.—CONSIDERATION FOR ASSIGNMENT—PURCHASER NOT PROTECTED—PRESUMPTION.—It is immaterial whether there was or was not a consideration for the assignment made by the distributee. The purchaser could only acquire the title of the distributee, and must be presumed to know the nature of the title purchased, as shown by the records.

ID.—PLEA IN ABATEMENT—PRIOR ACTION PENDING FOR RESTITUTION OF STOCK—SECOND ACTION AGAINST CORPORATION AND TRANSFEREES.—A prior action pending for the restitution of stock to the executors brought against a distributee and assignee of the shares, is not for the same cause of action, nor against the same parties, as a second action by the executors against the corporation and two transferees of the stock upon its books, who took the transfer, pending an appeal in the prior action, to cancel the certificates and to compel issuance of certificates of stock to the executors. The pendency of such prior action cannot be successfully pleaded in abatement of the second action.

ID.—CAUSE OF ACTION AGAINST CORPORATION—CANCELLATION OF CERTIFICATES WRONGFULLY ISSUED—KNOWLEDGE OF STAY BOND—NECESSARY PARTIES.—The executors had a cause of action against the corporation to cancel the certificates of stock, where it appears that they were wrongfully issued in violation of the rights of the executors pending their appeal in the prior action, with knowledge by the corporation that they had given a stay bond upon the appeal. To such cause of action the transferees of the stock were necessary parties codefendant.

ID.—CAUSE OF ACTION FOR TRANSFER OF STOCK—OWNERSHIP.—The executors had also an independent cause of action against the corporation and the transferees of the stock owned by the estate, by reason of such ownership thereof, to compel a transfer of the stock to their names as executors.

ID.—EQUITABLE ACTION — TRIAL BY JURY.—The action to cancel the
shares of stock and to compel their transfer from the corpora-
tion to the executors, however regarded, is an equitable ac-
tion, in which it is not error to refuse a demand of trial by
jury.

APPEAL from an order of the Superior Court of the City
and County of San Francisco denying a new trial.   J. M. Sea-
well, Judge.

The facts are stated in the opinion of the court.

Knight & Heggerty, and George D. Collins, for Appellants.

The decree of distribution was reversed by reason of the
mortgage on the unproductive property (*In re Heydenfeldt,*
117 Cal. 552, 555), and its reversal ought not to affect the title
of the distributee or her assignee to property not subject to
the mortgage. (Code Civ. Proc., sec. 957.)   S. O. Heyden-
feldt was a purchaser of the stock for value, who should be
protected. (*Langley v. Warner,* 3 N. Y. 327; *Reynolds v. Harris,*
14 Cal. 681.[1])   The corporation was not affected by the *super-
sedeas,* and the reversal did not avoid that which was valid when
done. (*Bank of United States v. Bank of Washington,* 6 Pet. 8.)
The corporation was bound to transfer the stock upon demand
to the distributee and to her transferee. (*Langley v. Warner,*
*supra;* 1 Cook on Corporations, secs. 330, 373, 402; *Bond v.
Mount Hope Iron Co.,* 99 Mass. 505[2]; Lowell on Transfer of
Stock, secs. 135, 138; *Smith v. Nashville etc. Ry. Co.,* 91 Tenn.
221.)   Unless the appeal operated as an injunction against the
corporation issuing and registering the new certificate to Eliza-
beth A. Heydenfeldt, we submit it was the legal duty of the
corporation to do the very thing that respondents complain of
as being fraudulent, and had it refused, Mrs. Heydenfeldt
could have compelled the specific performance of the duty (1
Cook on Corporations, secs. 384, 391), or recovered damages.
(*Crocker v. Old Colony R. R. Co.,* 137 Mass. 417, 419; Lowell on
Transfer of Stock, sec. 135.)   There is no cause of action
against the corporation.   The proceeding to reach the stock
only lies against the holders of the stock. (*Mechanics' Bank v.*

---

[1] 76 Am. Dec. 459.                    [2] 97 Am. Dec. 49.

*Seton,* 1 Pet. 299; *Cowles v. Whitman,* 10 Conn. 121.[3]) The court erred in denying a jury trial. (Code Civ. Proc., sec. 592.) The pendency of the former action is a ground for abatement of this action. (*Brown v. Campbell,* 110 Cal. 650.)

Evans & Meredith, and Lester H. Jacobs, for Respondents.

The executors have the right to the possession of the assets of an estate in probate until distribution, and have a special property in such assets for the purpose of administration. (Code Civ. Proc., secs. 1452, 1581; *Page v. Tucker,* 54 Cal. 121; *Horton v. Jack* (Cal., Sept. 4, 1894), 37 Pac. Rep. 652; *Horton v. Jack,* 115 Cal. 29.) An assignee of a litigant who acquired property under a judgment or decree which was subsequently reversed has no better title than his assignor, whether he has paid a consideration for the property or not. (*Marks v. Cowles,* 61 Ala. 299; *Debell v. Foxworthy,* 9 B. Mon. 228; *Harle v. Langdon,* 60 Tex. 555, 562; *Earle v. Couch,* 3 Met. (Ky.) 450; *Clary v. Marshall,* 4 Dana, 95; *Twogood v. Franklin,* 27 Iowa, 239; *Sayre v. Elyton Land Co.,* 73 Ala. 85, 104; *Phillips v. Benson,* 82 Ala. 500, 503; *Miller v. Hall,* 1 Bush, 229; *Clark v. Farrow,* 10 B. Mon. 446[4]; *Madeira v. Hopkins,* 12 B. Mon. 595, 601.) An action to compel a corporation to issue stock certificates is properly a suit in equity. (*Treasurer v. Commercial Coal Mfg. Co.,* 23 Cal. 390; 1 Cook on Corporations, 4th ed., sec. 391; *Ralston v. Bank of California,* 112 Cal. 208; *Weyer v. Second Nat. Bank,* 57 Ind. 198; *Iron R. R. Co. v. Fink,* 41 Ohio St. 321[5]; *Cushman v. Thayer Mfg. etc. Co.,* 76 N. Y. 365[6]; *Wilson v. Atlantic etc. R. R. Co.,* 2 Fed. Rep. 459.) In order that the pendency of one action should be ground for the abatement of another, the causes of action must be the same. (*Ayres v. Bensley,* 32 Cal. 620; *Martin v. Splivalo,* 69 Cal. 611, 615; *Kelsey v. Ward,* 16 Abb. Pr. 98; *Wise v. Prowse,* 9 Price, 393; *Wilson v. St. Paul etc. Ry. Co.,* 44 Minn. 445; *Mathews v. Hennepin Co. Sav. Bank,* 44 Minn. 442.) Where the relief sought in the second action is not obtainable in the first, there is no abatement. (*Reynolds v. Harris,* 9 Cal. 338; *Bolton v. Landers,* 27

Cal. 104; *Coles v. Yorks,* 31 Minn. 215; *Ward v. Curtiss,* 18
Conn. 290, 294; Story's Equity Pleading, sec. 739.)

VAN DYKE, J.—The facts of the case are substantially the
same as those involved in *Ashton v. Heydenfeldt,* 124 Cal. 14.
That was a suit brought for the recovery of certain shares of
stock in the Zeila Mining Company, the property of the estate
of Solomon Heydenfeldt, plaintiffs' testator, which had been
distributed, under a decree afterward reversed, to the defend-
ant Elizabeth, and by her assigned—it was alleged, without
consideration—to the other defendant. These facts, with neces-
sary formal allegations, constituted the case made in the com-
plaint, to which a demurrer was sustained; and on appeal the
judgment was reversed, and the complaint held sufficient.

This suit was brought, pending the appeal in that case,
against the defendant Sunshine O. Heydenfeldt and the de-
fendant Heggerty—to whom she had assigned one share of the
stock—and the defendant corporation, to determine the inter-
ests of all the parties in the same stock; and also to have the
proper certificates issued to the plaintiffs and the outstanding
certificates canceled.    In this suit the same facts were alleged—
with others—as in the former.    The answer, besides denials,
avers that the decree of distribution referred to was reversed
on the ground that there was an outstanding mortgage indebt-
edness of forty thousand dollars constituting "a charge upon the
unproductive property of said estate"; and it was so found.
The pendency of the former action was also pleaded in abate-
ment, and its effect found.    Otherwise the findings were in
favor of the plaintiffs, in whose favor judgment was also ren-
dered.    The appeal is from an order denying defendants' mo-
tion for a new trial; and the grounds urged for a reversal are
that the court refused the defendants' demand for a jury; that
the plea in abatement of the action should have been sustained;
that the defendant Heydenfeldt was a *bona fide* purchaser with-
out notice; and, finally, that the decree of distribution was re-
versed by this court on the ground that the outstanding mort-
gage was a charge on the unproductive property of the estate
only, and consequently the reversal did not affect the property
in question, which was productive.

1. On the last point it may be assumed that the property in question was in fact productive, and consequently not liable for the outstanding mortgage, at least until the unproductive property was exhausted in the payment of debts. The fact is, however, immaterial. The grounds on which the decree was reversed will doubtless constitute the law of the case for the lower court in its further proceedings, but they did not affect the nature of the judgment of this court, which was an unqualified reversal of the decree. On this point we must hold, as was held in the former case, that the "decree having been reversed, . . . . the matter stood as though no decree had ever been made," and that the plaintiffs, unless there are other errors, "are entitled to restitution."

2. Nor is it material whether the assignment to the defendant Heydenfeldt was without consideration, as found by the court, or otherwise, as claimed by appellant. The case presented is not the case of a purchaser under execution, but of an ordinary purchaser, who necessarily acquires only the title of his vendor, and who, if notice be material, must be presumed to know the nature of the title purchased as shown by the records.

3. The finding of the court on the plea in abatement was fully justified by the evidence; nor was there any error in overruling the plea. The present action is not between the same parties as the former, nor is the cause of action the same. (Code Civ. Proc., sec. 439, subd. 3, sec. 433.) The defendant Heggerty and the corporation defendant are new parties, and the causes of action against them are new.

With regard to the latter defendant it is claimed that there was no cause of action against it in favor of the plaintiffs, and that the demurrer should have been sustained. But if the question can be considered on this appeal, which we do not hold, we do not consider the objection tenable. The issue of certificates to Mrs. Heydenfeldt, and subsequently to her daughter, the defendant, took place after the taking of the appeal, on which a stay bond had been given, and of which the defendant corporation had notice. The issue of the certificates was therefore in violation of the rights of the plaintiffs, and gave them a right of action for the cancellation of the certificates and the retransfer of the stock to them (Morawetz on

Corporations, sec. 181 et seq.), to which action the other defendants were necessary parties. (Code Civ. Proc., sec. 389.) But, independently of this special cause of action against the defendant corporation, the mere fact of the plaintiff's ownership was sufficient to give them a cause of action against it for a transfer of the stock. That this is the case where stock has been assigned is well settled (Morawetz on Corporations, sec. 218; *Treasurer v. Commercial Min. Co.,* 23 Cal. 390; *Ralston v. Bank of California,* 112 Cal. 213); and the same principle will apply to all cases where one acquires the equitable title to stock standing in the name of another. (Morawetz on Corporations, secs. 219-21; *Treasurer v. Commercial Min. Co., supra,* and authorities cited.)

4. The action, however regarded, is an equitable action. (Authorities cited *supra; Ashton etc. v. Heydenfeldt, supra.*) There was, therefore, no error in denying the appellants' demand for a jury. (Code Civ. Proc., Deering's ed., sec. 592, note.)

The order appealed from is affirmed.

Harrison, J., and Garoutte, J., concurred.