[S. F. No. 1882.　Department One. — October 26, 1901.]

CHARLES ASHTON and JULIUS JACOBS, Executors, etc., Respondents, v. THE ZEILA MINING COMPANY, Appellant.

CORPORATIONS — TRANSFER OF STOCK — DECREE OF DISTRIBUTION — APPEAL — REVERSAL — ACTION BY EXECUTOR TO RECOVER DIVIDENDS. — The transfer of stock in a corporation to a distributee, which derives its efficacy solely from the decree of distribution, is suspended as to its efficacy, and as to the power of further transfer thereof, by an appeal from the decree, and upon reversal thereof the executor is entitled to the stock, and may maintain an action against the corporation to recover dividends thereon, though he does not appear to be owner on the books of the company.

ID. — TRANSFER OF STOCK BY INDORSEMENT AND DELIVERY — RULE OF CORPORATION — PROTECTION AS TO DIVIDENDS. — In this state, title to stock passes, as between the parties, by indorsement and delivery; and any rule of a corporation requiring the stock to be transferred upon the books goes no further than to protect the corporation in paying dividends to a recorded stockholder, in the absence of notice of transfer or other right.

ID. — TITLE OF EXECUTORS — IMPROPER TRANSFER ON BOOKS. — The corporation could not take advantage of its own wrong in transferring the stock on the books from the distributee of the stock, pending an appeal from the decree of distribution, nor can the assignees derive any rights thereunder, and the title of the executor, upon reversal of the decree, revived, and if not a strict legal title, was, in its legal consequences, equivalent thereto.

ID. — PARTIES TO ACTION FOR DIVIDENDS — ASSIGNEES OF STOCK — WAIVER OF OBJECTION — REPRESENTATION BY ATTORNEYS. — It seems that the assignees of the stock should have been made parties to the action by the executors to recover the dividends, but objection on that ground is waived if not taken by demurrer or answer. Where the assignees were represented by the same attorneys who represented them in a former action to recover the stock, and might have intervened in this action, they cannot be prejudiced by the omission to make them parties.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion.

Knight & Heggerty, and George D. Collins, for Appellant.

Evans & Meredith, and Lester H. Jacobs, for Respondents.

SMITH, C.—This suit was brought to recover the amount of dividends on certain shares of the capital stock of the defendant, being the same shares of stock for which the plaintiffs afterwards recovered in the judgment affirmed in *Ashton* v. *Heggerty*, 130 Cal. 516. The plaintiffs recovered judgment, from which and from the order denying a new trial the defendant appeals.

The stock in question belonged originally to the estate of Heydenfeldt, the plaintiffs' testator, and in pursuance of a decree of distribution of date October 23, 1893, the certificates therefor, indorsed by the executors, were delivered by them to Elizabeth A. Heydenfeldt, widow of the testator, to whom they had been distributed. But an appeal was taken from this decree, which resulted in its reversal, March 15, 1895. (*Estate of Heydenfeldt*, 106 Cal. 434.) Meanwhile, January 18, 1894, pending the appeal, the stock was transferred on the books of the defendant to Mrs. Heydenfeldt, and again, April 14, 1894 (upon her assignment), to Sunshine O. Heydenfeldt, the corresponding certificates being issued. Afterwards, one share was assigned and transferred on the books of the defendant to Heggerty. This assignment and the assignment to Sunshine Heydenfeldt, who was a party to the administration proceedings, were without consideration, and the transfers, it is alleged and found, were made by the defendant, with notice of the pendency of the appeal and of the rights of the estate. The defendant was also served, after the reversal of the decree, with a written notice of the claims of the plaintiffs to the stock, and of the dividends accrued and to accrue thereon. The dividends in question (six in number) were thereafter declared, and were paid, with the exception of one, to Sunshine Heydenfeldt, in pursuance of a judgment in an action to which the plaintiffs were not parties.

The question of the plaintiffs' right to the stock was disposed of in the former decision. (*Ashton* v. *Heggerty*, 130 Cal. 516.) The remaining points made by the appellants are,—1. That, on the facts found, the plaintiffs were not entitled to recover; 2. That the finding as to demand on the defendant is not sustained by the evidence; and 3. That the court failed to find on the affirmative defense set up in the answer.

The last two points may be briefly disposed of. The allegations contained in the affirmative defense set up no new

matter, and are fully covered by the findings. The objection to the sufficiency of the evidence to justify the finding as to demand is based upon a supposed variance between the facts alleged and found, and the evidence. The actual dividends were declared June 20, July 20, August 22, September 20, October 17, and December 21, 1895, and were for ten cents per share each; the dividends referred to in the complaint and findings are described in precisely the same terms, except, as to the first five, that the year is given as "1894," instead of "1895." But this is obviously a mere clerical error, as is shown by the preceding allegations of the complaint and findings, which describe the dividends intended as made after the reversal of the decree ("March 15, 1895"), and after the date of the written notice referred to ("the 20th of June, 1895"). Nor was it shown or claimed that dividends were declared in 1894, or that any dividends, other than the six, were declared in 1895.

The remaining point, more specifically stated, is, that the plaintiffs' title, as shown by the complaint and findings, is insufficient to maintain the action. This position is based by the counsel of appellant on two grounds, essentially different; namely, that the action can be maintained only by the party appearing to be the owner on the books of the company, and that it cannot be maintained on a merely equitable title, such as it is claimed is the plaintiffs'.

The former proposition cannot be sustained, at least not in this state, where, by express provision of the law, stock is transferred, "as to the parties thereto," by simple indorsement and delivery. (Civ. Code, secs. 324, 1459.) The rule is different where, by express provisions of the law, stock is made "transferable only on the books of [the] company," etc. (*Northrop* v. *Newton and Bridgeport Turnpike Co.*, 3 Conn. 544; 1 Morawetz on Corporations, sec. 170,— cited by appellant's counsel); and possibly, as is said by the author last cited, the same rule may apply—in the absence of express statutory provisions such as ours—to cases where it is so provided in the articles of incorporation or by-laws. But, ordinarily, the rule goes no further than to protect the corporation "in paying dividends to a recorded stockholder," in the absence of notice of transfer or other right. (2 Cook on Corporations, sec. 538; 2 Thompson on Corporations, secs. 2180, 2387,—cited by appellant. See

also *Ellis* v. *Proprietors of Essex Merrimack Bridge,* 19 Mass. 243; *Robinson* v. *National Bank,* 95 N. Y. 637, 642; *Hill* v. *Atoka Coal & Min. Co.,* 21 S. W. Rep. 508; *Spreckels* v. *Nevada Bank,* 113 Cal. 272, 276.[1])

Nor do we think tenable the proposition that the action cannot be maintained on such a title as the plaintiffs'. The transfer of the stock to Mrs. Heydenfeldt derived its whole efficacy from the decree of distribution; and when the decree was reversed, "the matter stood as though no decree had been made." (*Ashton* v. *Heydenfeldt,* 124 Cal. 17.) In the mean while the efficacy of the decree, and of the indorsement and delivery of the stock made in pursuance thereof, was suspended, and the defendant was not authorized to make the transfer on the books to Mrs. Heydenfeldt, or the other transfers. Nor can the defendant derive advantage from its wrongful act in doing so (1 Morawetz on Corporations, secs. 181 et seq.); nor can the assignees derive any rights therefrom, or by reason of their assignments, other than those of Mrs. Heydenfeldt. The case stands, therefore, in principle, as though the transfers on the books of the defendant had not been made, and Mrs. Heydenfeldt remained the only party involved; and on the reversal of the decree of distribution, her interest, or at least her beneficial interest, and that of her assignees ceased, and the rights of the executors, if previously suspended, revived. (*Ashton* v. *Heydenfeldt,* 124 Cal. 14.) Thereupon — as was ruled in the case cited — the executors were entitled to recover the stock; which was, in effect, to hold that the title of the executors, if not the complete legal title, was, in its legal consequences, equivalent to it. The case must therefore be regarded as coming within the authority of that decision.

In reaching this conclusion we have not thought it necessary to consider the supposed distinction between the legal and the equitable title, or to determine whether the title of the executors is the one or the other. The distinction belongs appropriately to the law of real estate; and though it has been extended to personalty, the application with regard thereto has been less extensive, and the distinction itself is less significant. For, in many cases, — as, for example, in the case of money received in trust or for the use of another, — courts of

[1] 54 Am. St. Rep. 348.

law recognize the equitable as the legal title; and even where the distinction obtains, the equitable is regarded as the true owner by courts of equity. Hence, in this state, where the courts exercise both jurisdictions, the question as to the nature of the title sued upon is generally immaterial; or, rather, it is material only to the question of the nature of the action, whether legal or equitable, and to the question of parties.

With regard to the latter question, the assignees should perhaps have been made parties, as they were in the suit of *Ashton* v. *Heggerty*, 130 Cal. 516, which was brought for the recovery of the stock. But no objection on this score was made, either by demurrer or answer, and the objection must therefore be regarded as waived. (Code Civ. Proc., sec. 434.) Nor were the assignees in any way injured, as they were parties to the other suit, and are represented in this by the same attorneys, and could have intervened if they desired.

We advise that the judgment and order appealed from be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.