## L. CHRISTIAN & COMPANY v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

December 1, 1916.

Nos. 20,086—(215).

**Limitation of action — recovery of excess freight rates — effect of injunction.**

1. Under G. S. 1913, § 7710 (R. L. 1905, § 4084), the period of statutory limitation is not extended for more than five years by an injunction staying an action nor in any case for more than one year after disability ceases.

[1]Reported in 159 N. W. 1082.

---

Note.—The question of effect of injunction against suit to prevent running of statute, see notes in 3 L.R.A.(N.S.) 1187; 23 L.R.A.(N.S.) 673.

**Same — when cause of action accrues.**

> 2. A cause of action to recover payments for the transportation of freight in excess of the rates fixed by Laws 1907, c. 232, accrued when payments were made and not upon the dissolution of an injunction then in force restraining the putting into effect of the statutory rates.

Action in the district court for Ramsey county to recover $216.57, excess charges collected by defendant for transportation of 32 carloads of wheat. The case was tried before Brill, J., who found that plaintiff's causes of action, if any, were barred by the statute of limitations and ordered judgment in favor of defendant. From the judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*Lyndon A. Smith,* Attorney General, and *Henry C. Flannery,* Assistant Attorney General, for appellant.

*Richard L. Kennedy* and *J. B. Sheean,* for respondent.

DIBELL, C.

This action is to recover sums alleged to have been paid for freight transportation in excess of the rates fixed by statute. There were findings and judgment for the defendant. The plaintiff appeals from the judgment.

By Laws 1907, p. 313, c. 232, effective from June 1, 1907, maximum intrastate freight rates on a mileage basis were prescribed. On September 23, 1907, the defendant railroad and the attorney general of the state were enjoined from putting into effect the rates prescribed, and all having knowledge of the injunction were restrained. It seems to be conceded that the plaintiff, having knowledge of the injunction, though not a party to the action, was as much bound as if named. The injunction was dissolved on July 21, 1913. See Minnesota Rate Cases, 230 U. S. 352, 33 Sup. Ct. 729, 57 L. ed. 1511, 48 L.R.A.(N.S.) 1151, Ann. Cas. 1916A, 18. This action was commenced on September 10, 1915, to recover alleged overcharges paid from October 3, 1907, to January 27, 1909. These overcharges were upon shipments from Blakeley to St. Paul, via Shakopee, with a milling in transit privilege. The through rate from Blakeley to St. Paul fixed by the railroad was 7 cents per hundred. The milling in transit rate was the through rate. For this charge the railroad trans-

ported the wheat from Blakeley to Shakopee, where it was unloaded and milled, and the product to St. Paul. By the act of 1907 the maximum rate on a mileage basis from Blakeley to Shakopee was 4.6 cents, from Shakopee to St. Paul 4.8, and the through rate from Blakeley to St. Paul 5.9. The plaintiff claims that the milling in transit rate, which was the through rate, applied when the 1907 act was adopted and that the charge should have been the through rate of 5.9 fixed by the statute and not the 7 cent rate fixed by the railroad prior to the statute. The defendant claims that the statute prescribed no milling in transit rate, and did not affect the 7 cent rate which it had fixed, it being less than the sum of the two locals fixed by the statute; and it claims that in any event the plaintiff's action is barred by the six year statute of limitations.

1. The statute upon which the defendant relies, so far as material here, is as follows:

"Any of the following grounds of disability, existing at the time when a cause of action accrued, shall suspend the running of the period of limitation until the same is removed: Provided, that such period, except in the case of infancy, shall not be extended for more than five years, nor in case for more than one year, after the disability ceases:"

5. "When the beginning of the action is stayed by injunction or by statutory prohibition." G. S. 1913, § 7710 (R. L. 1905, § 4084).

The plaintiff refers to G. S. 1913, § 7888 (R. L. 1905, § 4258), which provides that the period during which the performance of an act is stayed by injunction forms no part of the time within which it may be performed. This statute is without application.

The statute quoted is unambiguous. As it was prior to the revision of 1905, "the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." G. S. 1894, § 5151. A change was intended by the revision and it must be given effect. The disability of the plaintiff to sue ceased as early as July 21, 1913. More than one year after that time, and more than six years after the several payments sought to be recovered, elapsed before suit was brought. Whether a cause of action in a party restrained by an injunction remaining in force until the lapse of the statutory period would be barred, or whether he would be entitled to relief in equity, we need not inquire. See 2 Wood, Limitations, § 243, 1 Joyce, Injunctions,

§ 570; 25 Cyc. 1282. This case does not present such a question. The plaintiff had ample time after the dissolution of the injunction in which to sue. See Langer v. Newmann, 100 Minn. 27, 110 N. W. 68. If its cause or causes of action accrued at the time of payment the statute is a bar.

2. It is the claim of the plaintiff that a cause of action did not accrue until the dissolution of the injunction on July 21, 1913, and that the six year period dates from then. In effect the injunction suspended the operation of the statutory rates. State v. Chicago, M. & St. P. Ry. Co. 130 Minn. 144, 153 N. W. 320, L.R.A. 1916B, 764; State v. Chicago, B. & Q. R. Co. 241 U. S. 533, 36 Sup. Ct. 715, 60 L. ed. 1148. The statutory rates were the lawful rates though their enforcement was enjoined. Solum v. Northern Pacific Ry. Co. 133 Minn. 93, 157 N. W. 996. The argument in support of the plaintiff's claim is that, upon the dissolution of the injunction and not until then, there arose a right of action to recover excessive charges. It is sought to support it on the authority of the cases which hold that, upon the reversal of a judgment, a cause of action accrues for the restitution of what was received by the prevailing party under it. The principle is that the judgment coerces payment and is valid and effective until reversed. It is illustrated by Clark v. Pinney, 6 Cow. 297; Bank of U. S. v. Bank, 6 Pet. 8, 8 L. ed. 299; Haebler v. Myers, 132 N. Y. 363, 30 N. E. 963, 15 L.R.A. 588, 28 Am. St. 589; Applegarth v. Dean, 68 Cal. 491, 13 Pac. 587; Peck v. McLean, 36 Minn. 228, 30 N. W. 759, 1 Am. St. 665; 25 Cyc. 1110; 2 Freeman, Judgments, 482; Keener, Quasi Contracts, 417-419; Woodward, Quasi Contracts, §§ 232-236, and cases cited. The analogy is not without force. In some respects it is striking. But we are of the opinion that the plaintiff's contention cannot be sustained. The plaintiff is not, we think, in a more favorable position, in respect of claiming the time of accrual of his cause of action or the effect of the statute as a bar, than if he were a party directly enjoined from prosecuting a specific claim. In such case, if the cause of action does not accrue until the dissolution of the injunction, the statute excepting the period during which the injunction prevented action from the statutory period otherwise constituting the bar, is meaningless. It seems to be the rule that, unless the statute so provides, the fact that an injunction is in force does not affect its operation. 2 Wood, Limitations, § 243; 25 Cyc. 1282. This would not be so if the cause of action did not accrue until

dissolution. If the cause of action does not accrue until the dissolution of the injunction, all legislation excepting from the bar of a statute the period during which an injunction is in force though not harmful is useless.

We hold that the cause of action did not accrue upon the dissolution of the injunction but upon payment, and that it is barred by the statute. Reaching this conclusion, which was also the ground of the trial court's decision, we do not inquire whether the through rate of 5.9 was the proper rate for a milling in transit shipment.

Judgment affirmed.