## COMSTOCK FARMERS ELEVATOR COMPANY v. GREAT NORTHERN RAILWAY COMPANY.[2]

June 22, 1917.

Nos. 20,205—(16).

**Carrier — selection of cheaper route — case distinguished.**

The rule in the Solum case, 133 Minn. 93, 157 N. W. 996, that where a carrier has two routes, one intrastate and the other interstate, in the absence of shipping directions he is bound to select the cheaper for the shipper, does not apply where the carrier does not have two direct routes between the place of shipment and destination. [Reporter.]

Action in the district court for Ramsey county to recover $982.85 excess freight paid upon 112 carloads of grain shipped from Comstock to Minneapolis. The case was tried before Kelly, J., who made findings and ordered judgment in favor of plaintiff for $1,056.98. Defendant's motion to amend the findings was denied. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed and remanded.

*John F. Finerty, E. C. Lindley* and *M. L. Countryman,* for appellant.

*Lyndon A. Smith,* Attorney General, and *Henry C. Flannery,* Assistant Attorney General, for respondent.

[1]State v. Nelson, 91 Minn. 143, 97 N. W. 652.

[2]Reported in 163 N. W. 280.

PER CURIAM.

The action is to recover for excess freight paid upon 112 carloads of grain shipped by plaintiff from Comstock, Minnesota, to Minneapolis, pending the Federal injunction forbidding putting into effect the maximum freight rate statute. Defendant has, out of Moorhead, two main lines of railway to Minneapolis. One wholly within the state, via Barnesville; and another, via Breckenridge, which for some seven miles, immediately before reaching Breckenridge runs through North Dakota. Comstock is located upon the last mentioned line 15 miles south of Moorhead. No shipping directions were given; and defendant, in conformity to its usual practice, carried all the cars, save one, via Breckenridge. The reason assigned for customarily routing all shipments over this line from stations south of Moorhead (via Breckenridge) is that a locomotive, because of easier grade thereon, can pull a much heavier load than can be done from Moorhead via Barnesville. The interstate tariff schedules governed the rates on the Breckenridge route and were the ones paid by plaintiff. The court below, however, held that defendant had misrouted the shipments of the 111 cars, considering that defendant, under the rule announced in Solum v. Northern Pac. Ry. Co. 133 Minn. 93, 157 N. W. 996, was in duty bound to select the intrastate route which, under the statute alluded to, took a cheaper rate.

In our judgment the facts in this case do not bring it within the rule of the decision referred to. The carrier, in the absence of shipping directions, is not bound to do the unreasonable in order to secure an anticipated cheaper rate for the shipper. Not only the easier grade and shorter distance called for the interstate route for these cars, but, what is more persuasive, the intrastate route would have involved a back haul of 15 miles. This cannot in reason be demanded. One of the cars shipped, evidently through some mistake, strayed to Moorhead and from there passed to destination via Barnesville. As to that car plaintiff is clearly entitled to a refund. Further discussion of the question presented is uncalled for.

The facts are not in dispute. No new trial is necessary, but upon remittitur the court below will amend its findings of fact and conclusions of law so as to grant plaintiff judgment for the overcharge of freight upon the one car shipped via Barnesville and upon no other car shipped.

Reversed and remanded.