[No. 3,152.]

# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* AUGUSTIN OLVERA, ADMINISTRATOR OF THE ESTATE OF SANTIAGO ARGUELLO, DECEASED, AND THE LANDS OF THE EX–MISSION OF SAN DIEGO.

TAXES ON ESTATES OF DECEASED PERSONS.—Taxes assessed against the property of an estate, pending administration, and while the property is in the possession and under the control of an administrator, are not claims against the estate, which must be presented to the administrator for allowance, under the provisions of sections one hundred and thirty and one hundred and thirty-one of the Probate Act. The administrator must pay such taxes, as expenses in the care and management of the estate.

SUITS TO COLLECT TAXES.—District Courts have jurisdiction of actions for collection of delinquent taxes, when the tax amounts to more than three hundred dollars, and also, regardless of amount, when it is sought to enforce the lien of the tax.

APPEAL from the District Court of the Seventeenth Judicial District, County of San Diego.

The defendants appealed.
The other facts are stated in the opinion.

*J. Hartman*, for Appellant.

[No brief on file.]

*John L. Love*, Attorney General, and *W. T. McNealy*, District Attorney of San Diego County, for Respondent.

Taxes assessed against the administrator of an estate are not such claims as are required to be presented. (Probate Act, Sec. 128; *Deck* v. *Gherke*, 6 Cal. 669; *Fullon* v. *Butler*, 21 Cal. 32.)

By the Court, BELCHER, J.:

This is an action for the collection of delinquent State and county taxes, assessed upon the " lands of the ex-Mission of San Diego " for the year 1869. These lands were the property of the estate of Santiago Arguello, who died intestate in 1862. In 1868 the defendant, Olvera, was duly appointed administrator of the estate, and at once qualified and entered upon the discharge of the duties of the trust. In 1869 Olvera had possession of the lands, no division of them having been made among the heirs, and they were assessed to him as the administrator of the estate.

The complaint does not allege the presentation of the claim for taxes to the administrator and its rejection by him.

The defendants demurred to the complaint, and their demurrer being overruled, failed to answer, and judgment was thereupon rendered by default.

It is objected, first, that no action for the collection of a delinquent tax can be brought against the property of an estate until it shall have been presented to the administrator

as a claim against the administrator and rejected by him; and, second, that the District Court has no jurisdiction of the subject matter of the action. Neither of these objections is well taken.

First—Whatever may be the rule when taxes are assessed during the lifetime of the decedent—and we are not called upon to express any opinion in reference to it—it is clear that taxes assessed against the property of an estate, pending administration, and while it is in the possession and under the management and control of an administrator, are not "claims" against the estate which must be presented, supported by an affidavit, and allowed or rejected, under the provisions of sections one hundred and thirty and one hundred and thirty-one of the Probate Act. The undivided property of deceased persons may be listed to administrators, and the taxes assessed are charges upon the property, which should be paid as all necessary expenses in the care, management, and settlement of the estate are paid.

Second—That the District Courts have jurisdiction in actions for the collection of delinquent taxes, when the tax amounts to more that three hundred dollars, or when the object of the action is to foreclose the lien of the tax and obtain an order of sale, is declared both by the Constitution and statutes, and has been affirmed many times by this Court. (*People* v. *Mier*, 24 Cal. 61.)

In this case the tax amounts to more than one thousand dollars, and the prayer of the complaint is for a decree foreclosing the tax lien.

Section four hundred and thirty-five of the Probate Act does not purport to take away this jurisdiction. It simply requires Probate Courts to direct administrators to pay all taxes which have accrued against estates in their hands, and forbids the distribution of the property of estates among the heirs and devisees until all taxes are paid.

The judgment is affirmed.