[No. 4855.]

## C. H. HANCOCK ET AL. *v.* EDWIN P. WHITTE- MORE ET AL.

ASSESSMENT FOR STREET IMPROVEMENTS.—An assessment for the improvement
of a street in a city is a municipal tax, and in San Francisco the prop-
erty owner is not brought into relations with the proceedings resulting
in the assessment, until the tax is levied, which is when the assessment
is made and issued.

CLAIM AGAINST AN ESTATE.—If an assessment for the improvement of a street
in San Francisco is made after the death of the property owner, the tax
assessed is not a claim against his estate which is required to be pre-
sented to the administrator for allowance.

APPEAL from the District Court, Third Judicial District,
City and County of San Francisco.

H. P. Whittemore owned a lot in San Francisco. On
the 3d day of May, 1869, the Board of Supervisors adopted·
a resolution of intention to improve the street on which it
fronted. The contract was let, and, on the 6th day of June,
1860, the assessment for the expenses was made and issued.
The lot was assessed in the sum of $2377.72. Whittemore
had died on the 9th day of March, 1870. Two of the defend-
ants were the executors of his estate, and the others were
his children and heirs. The executors published notice to
creditors, and the plaintiffs, who were the contractors, pre-
sented the assessment to the executors for allowance as a
claim against the estate. The claim was rejected. This
was an action to enforce a lien on the lot for the assessment.
The defense was that the demand was a claim against the
estate, and that suit had been brought more than three
months after the claim had been rejected. The court below
found as a fact that the suit had been brought more than
three months after the claim had been rejected, but gave
judgment for the plaintiffs. The defendants appealed.

*Jarboe & Harrison*, for the Appellants.

Being a "claim" against the estate it was necessary to
present it to the executors for allowance before a suit
thereon could be maintained. (Probate Act, Secs. 136,

133; *Hentsch* v. *Porter*, 10 Cal. 559; *Ellis* v. *Polhemus*, 27 Cal. 354; *Harp* v. *Callahan*, 46 Cal. 222; *Pitte* v. *Shipley*, 46 Cal. 154.)

The suit should have been brought within three months. (Probate Act, Sec. 134.)

*M. A. Edmonds*, for the Respondents.

Taxes assessed against the property of an estate pending administration, are not claims which require to be presented for allowance.  (*People* v. *Olvera*, 43 Cal. 494.)

The case at bar is the same in principle.  The assessment upon which suit is brought is in its nature a special tax against the property.  (*Himmelman* v. *Spanagel*, 39 Cal. 392, 393; *Hendrick* v. *Cowley*, 31 Cal. 474, 475; *Nolan* v. *Reese*, 32 Cal. 485, 486; *Emery* v. *Bradford*, 29 Cal. 84.)

By the COURT:

An assessment for the improvement of a street is a municipal tax, and the property owner is brought into relations with the proceedings which are initiated by the *resolution of intention*, only when the tax is levied; that is to say, when the assessment is made and issued.

The assessment was issued after the death of H. M. Whittemore.  The tax thus assessed did not constitute a claim against the estate of H. M. Whittemore which was required to be presented for allowance.  (*People* v. *Olvera*, 43 Cal. 492.)

Judgment affirmed.