STATE OF MISSOURI, TO THE USE OF ANTOINE OTT, Appellant, *v.* GREGORIE AUBUCHON ET AL., Respondents.

### February 10, 1880.

The statute of 1877, prohibiting stock from running at large in St. Louis County, though a special and local law, is not unconstitutional.

APPEAL from the Circuit Court of St. Louis County. *Affirmed.*

M. Kinealy, for the appellant : The statute under consideration, being local and special, is unconstitutional. — *The State ex rel.* v. *Wilcox*, 45 Mo. 165 ; *The State ex rel.* v. *County Court*, 50 Mo. 325 ; *The State ex rel.* v. *County Court*, 51 Mo. 86.

Fisher & Rowell, for the respondents : The statute, though both local and special, does not come within the constitutional inhibition. — *The State* v. *Ebert*, 40 Mo. 190 ; *The State ex rel.* v. *Garesché*, 3 Mo. App. 583 ; *Gentile* v. *The State*, 29 Ind. 409. All doubts as to its constitutionality are to be construed in support of it. And unless its unconstitutionality appears beyond a reasonable doubt, it must be upheld. — *The State* v. *Able*, 65 Mo. 357 ; *St. Louis* v. *Griswold*, 58 Mo. 175 ; *In re Bemis*, 66 Mo. 442 ; 48 Mo. 470 ; *Lowrey* v. *Rainwater*, 3 Mo. App. 562.

Bakewell, J., delivered the opinion of the court.

The question presented for our consideration by this record is the constitutionality of the act of April 11, 1877, which prohibits cattle and other animals from running at large, or being herded on lands other than those of the owner. Sess. Acts, 193. The act, by its terms, is applicable alone to the city and county of St. Louis.

The Constitution of 1875 prohibited the passage of local or special laws relating to a large number of specified subjects. The section closes with a general provision, that " in all other cases, where a general law can be made applicable, no local or special law shall been acted. And whether a general law could have been made applicable in any case is hereby declared a judicial question, and as such shall be judicially determined, without regard to any legislative assertion on the subject." If this law is unconstitutional, it must be under the general provision.

Under the Constitution of 1865, which also provided that

no local or special law shall be enacted where a general law can be made applicable, the Supreme Court sustained the law creating the Court of Criminal Correction in St. Louis County, and various local acts creating Probate Courts in some of the smaller counties. It is true that the Supreme Court finally settled down to the conclusion that, under that Constitution, the question as to whether a general law could be made applicable was purely a legislative, and not a judicial question ; but in the earlier cases, the question as to whether the special law under consideration could be made generally applicable is discussed, and it was intimated that laws advantageous to one locality, and useless or less applicable to the State generally, did not come within the purview of the constitutional inhibition. *The State* v. *Ebert*, 40 Mo. 186 ; *The State ex rel.* v. *Wilcox*, 45 Mo. 458 ; *The State ex rel.* v. *Boone County*, 50 Mo. 319 ; *The State ex rel.* v. *New Madrid County*, 51 Mo. 82.

It is possible, of course, to pass a general law that stock shall be kept within enclosures throughout the State, and it is clear that such an act would be equally cruel and absurd. It is quite conceivable that the total absence of any law providing for the enclosure of stock might be disastrous in certain counties, under certain conditions of population, wealth, improvements, and agricultural, manufacturing, or commercial pursuits amongst the people. How is a general law to be framed to suit the case? It must be confessed that it is very difficult to see how this can be done. Perhaps no condition of population·or taxable wealth, or of both combined, would be at all conclusive as to the applicability of the law to any particular county. It is apparently more easy to frame a general law in regard to courts of inferior criminal jurisdiction than to frame a general stock-law. Yet it was considered, in *The State* v. *Ebert*, that the law creating the Court of Criminal Correc-

tion was warranted by the necessities of the case, though a local and special act.

Whether the local object could be effected by a general law, must sometimes be a question of doubt. We think it is a question of doubt in this case. It is made a judicial question by the Constitution. This, we suppose, must mean that, where the courts are clearly of opinion that the special object could be effected by a general law, they will declare the special law void. The matter is no longer left to the discretion of the Legislature ; and the fact that the law is passed does not conclude the courts that it could be passed without violating the prohibition as to local laws. It is the duty of the courts to respect and enforce the clear language of the organic law of the State ; and, in construing the Constitution, they have nothing to do with the argument from inconvenience. But we suppose that in this, as in all other cases, before declaring an act of the Legislature void, as conflicting with a constitutional provision, the courts must have no reasonable doubt on the subject. To doubt is to be resolved in favor of the law.

We are unable to see that a law, general in its terms, could be passed on the subject of enclosing stock, so as to remedy an intolerable evil in one county without inflicting an intolerable mischief upon another. We are not certain that any general measure of population or of taxable wealth could be applied to such a case. When the Constitution restrains the exercise of legislative power, the restraint itself, and the terms upon which it is imposed, must be so construed as to sustain the power as exercised, unless such construction is clearly unconscionable. Cooley's Const. Lim. 182 ; Ledgro, 482.

The judgment of the Circuit Court is affirmed. Judge Lewis is absent ; Judge Hayden concurs.