[Civ. No. 577. First Appellate District.—May 11, 1909.]

## MILLER & LUX, INC., Respondent, v. VIRGINIA S. KATZ, as Executrix, etc., of ALFRED F. KATZ, Deceased, Appellant.

CORPORATIONS—LIABILITY OF STOCKHOLDERS—ESTATE OF DECEASED PERSON AS STOCKHOLDER—DEBT ACCRUING AFTER DEATH.—Where stock owned by a stockholder in his lifetime has become vested in his estate, the estate is liable as a stockholder for its proportion of indebtedness occurring after his death.

ID.—LIABILITY OF STOCKHOLDER CONTRACTUAL—PRESENTATION OF CLAIM UNNECESSARY.—The liability of a stockholder for indebtedness occurring while he holds the stock is contractual, and no presentation of any claim to the executor is necessary in order to maintain an action against the estate for indebtedness accruing while the estate owns the stock. The liability, however, arising after the testator's death could not constitute the basis for a claim against the estate.

ID.—PARTIES TO ACTION—EXECUTOR—HEIRS AND DEVISEES.—Only the executor, who legally represents the estate is a necessary party to an action to enforce the liability of the estate as a stockholder. Neither the heirs nor the devisees under the will are necessary parties thereto.

ID.—PENDENCY OF PROBATE PROCEEDINGS IMMATERIAL.—The pendency of probate proceedings cannot affect the jurisdiction of the superior court over an action to enforce the liability of the estate as a stockholder against the executrix.

ID.—ABSENCE OF POSSESSION AND IGNORANCE OF STOCK BY EXECUTRIX IMMATERIAL.—The facts that the executrix never had the actual physical possession of the stock, and did not exercise acts of ownership over it, and did not even know of its existence until after the creation of the indebtedness sued upon, are immaterial to the cause of action against the estate, since it is undisputed that decedent owned the stock at the time of his death, and under the provisions of section 322 of the Civil Code, and upon general principles of law, it became the property of the estate, which is liable as a succeeding stockholder for its share of such indebtedness.

ID.—SUFFICIENCY OF EVIDENCE TO SUSTAIN DECISION AGAINST ESTATE. *Held,* that the evidence is sufficient to sustain the decision of the trial court against the estate of the deceased stockholder.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

tum Suden & tum Suden, for Appellant.

Edward F. Treadwell, for Respondent.

KERRIGAN, J.—This action is brought against the executrix of the estate of a deceased person to enforce a stockholder's liability upon an indebtedness incurred by the corporation during the ownership by the estate of shares of stock in such corporation. Plaintiff obtained judgment, and defendant appeals from the judgment and from an order denying her motion for a new trial.

The facts of the case are, briefly, that one Alfred Katz, the appellant's testator, at the time of his death in 1900, was the owner of one-fourth of the capital stock of Katz & Sons, a corporation. About five years thereafter, to wit, in April, 1906, and while the estate of Alfred Katz was still the owner of said shares of stock, the corporation Katz & Sons became indebted to the plaintiff to the amount of $15,309.99; and it is to recover one-fourth of this sum (the proportion for which the estate is alleged to be liable) that the action is brought.

It is objected by the executrix that she never had the actual or physical possession of the stock, and never exercised any act of ownership over it, and did not even know of its existence until after the creation of the indebtedness sued upon herein. It is undisputed, however, that decedent owned the stock at the time of his death; and we think, under the provisions of section 322, Civil Code, and upon general principles of law, it became the property of the estate, and that the estate is liable as a stockholder.

In this jurisdiction the law has recognized estates as stockholders in several ways. Thus in the case of *Market St. Ry. Co.* v. *Hellman,* 109 Cal. 571, [42 Pac. 225], it is said that "In case of the death of a stockholder, his administrator becomes, by operation of law, vested with the legal title to the stock, and is entitled to vote it at all elections without a transfer upon the stock book."

In the case of *Ashton* v. *Zeila Min. Co.,* 134 Cal. 408, [66 Pac. 494], the executors were permitted to recover dividends on stock not registered in their names, and the court there

said: "Thereupon—as was ruled in the case cited—the executor was entitled to recover the stock, which was, in effect, to hold that the title of the executors, if not the complete legal title, was in its legal consequences equivalent to it."

The question, moreover, has several times been directly adjudicated. The case of *Bailey* v. *Hollister*, 26 N. Y. 115, was an action brought to recover from an executor, out of the funds of the estate, the individual liability imposed by the New York statute for a debt contracted while "the estate of the intestate was a stockholder." The court said: "It will be conceded that when a stockholder in any corporation dies his estate succeeds him in the title to, and the rights in, the stock he held. Of necessity it must take that title and those rights subject to any liability then existing upon them; and so long as the estate is, by operation of law, the holder of such stock, the estate must become responsible for any obligation accruing during that time which the law may impose upon any holder of the stock as such. Such liability proceeds not from any new contract, made by or on behalf of the estate, but is inherent in the property itself. To avoid it the estate must part from the property; must cease to be the holder of the stock. Or, calling it a contract liability, it arises out of a contract made by the stockholder, and binding his personal representatives, as it bound him, as long as the relation of stockholder existed." To the same effect, see *Matterson* v. *Dent*, 176 U. S. 521, [20 Sup. Ct. 419]; *Manville* v. *Edgar*, 8 Mo. App. 325; *Gianella* v. *Bigelow*, 96 Wis. 185, [71 N. W. 111]; Cook on Corporations, 5th ed., sec. 248; *Wickham* v. *Hull*, 60 Fed. 326.

Appellant claims that the complaint fails to state a cause of action, in that it does not show that any claim for plaintiff's demand was ever presented to the executrix for allowance. This contention is untenable. The liability here arose after the testator's death, and therefore did not constitute a claim against the estate which was required to be presented for allowance. (*People* v. *Olvera*, 43 Cal. 492; *Hancock* v. *Whittemore*, 50 Cal. 522; 18 Cyc. 462, 887.)

In the case of *People* v. *Olvera*, it is said: "Whatever may be the rule when taxes are assessed during the lifetime of the decedent . . . it is clear that taxes assessed against the property of an estate, pending administration, and while it is in the possession and under the management and control of an

administrator, are not 'claims' against the estate which must be presented, supported by an affidavit, and allowed and rejected, under the provisions of sections 130 and 131 of the Probate Act. The undivided property of deceased persons may be listed to administrators, and the taxes assessed are charges upon the property, which should be paid as all necessary expenses in the care, management and settlement of the estate are paid."

In *Hancock* v. *Whittemore,* 50 Cal. 522, it was said: "The assessment (for street improvements) was issued after the death of H. M. Whittemore. The tax thus assessed did not constitute a claim against the estate of H. M. Whittemore which was required to be presented for allowance."

*Eustace* v. *Jahns,* 38 Cal. 3, supports the contention of defendant; but what is there said on this subject was unnecessary to the decision, and the case has never been cited or approved, and is directly contrary to later decisions.

There is no force in the suggestion of appellant that this action cannot be maintained against the executrix without the presence of the heirs. We can see no more reason for joining the heirs in this action as parties defendant than there would be in an action on an ordinary claim arising before the death of the testator. In the absence of an affirmative claim by an heir or devisee, an action may be maintained against an executor in all cases where a liability is to be enforced against the estate. Section 1582, Code of Civil Procedure, however, provides as follows: "Actions for the recovery of any property, real or personal, or for the possession thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates." Hence, if the liability sued upon be one "founded upon contract" within the meaning of this section, then the suit could be maintained against the executrix without joining the heirs or devisees. That the liability in its nature is contractual is well established in this state. (*Dennis* v. *Superior Court,* 91 Cal. 548, [27 Pac. 1031] ; *Kennedy* v. *California Sav. Bank,* 97 Cal. 93, [33 Am. St. Rep. 163, 31 Pac. 846] ; *Kirtley* v. *Holmes,* 107 Fed. 1, [46 C. C. A. 102] ; *Whitman* v. *National Bank,* 176 U. S. 559, [20 Sup. Ct. 477] ; 10 Cyc. 666.)

There is no merit in the suggestion that the trial court lacked jurisdiction in this matter because of the pending of the probate proceedings (*People* v. *Olvera*, 43 Cal. 492; *Wickham* v. *Hull*, 50 Cal. 522) ; and the evidence is sufficient to sustain the decision of the trial court.

No other point discussed in the briefs calls for special mention.

The judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.