ABBEY *et al v.* DELTA BANK & TRUST Co.[*]

(Division B. April 20, 1925.  Suggestion of Error Overruled May 11, (1925.)

[103 So. 801.  No. 24856.]

1. BANKS AND BANKING. *Single suit under double liability statute, being in nature of accounting, maintainable against all stockholders.*

Suit by bank against all its stockholders under double liability statute, Hemingway's Code, section 3619, being in the nature of

an accounting and adjudication between them and it, as to their respective liabilities in a common enterprise, so as to also determine the exact liability of each stockholder, is maintainable.

ON SUGGESTION OF ERROR.

2. BANKS AND BANKING. *Grounds for sustaining suit in equity for double liability stated.*

Suit in equity for enforcement of double liability of stockholders of insolvent bank in course of liquidation is maintainable, both as involving inquiry into mutual accounts, within Constitution 1890, Section 161, and for lack of an adequate remedy at law.

*Headnotes 1. Banks and Banking, 7 C. J., Sections 82, 85, 110 (1926 Anno), 112 (1926 Anno); 2. Banks and Banking, 7 C. J., section 85.

APPEAL from chancery court of Second District, Coahoma county.

HON. C. L. LOMAX, Chancellor.

Suit by the Delta Bank & Trust Company against T. B. Abbey and others. Demurrer to bill was overruled, and defendants appeal. Affirmed, and remanded for further proceedings.

*Maynard, Fitzgerald & Venable,* for appellants.

Action was brought against all the stockholders in one suit. The only question involved in this appeal is whether or not such a procedure is permissible. The procedure taken was doubtless pursuant to the theory that equity had jurisdiction of such a composite suit in order to prevent a multiplicity of suits, or that the statutes in question conferred right to so proceed. It will be noticed that each defendant, if liable at all, under code section 3619 fixing double stock liability, is liable because he is a stockholder in the bank and is liable by virtue sole and alone of a statute imposing the liability.

It is equally apparent that each stockholder sued jointly with other stockholders may have a defense separate and different from that of any other defendant and that the combining of all of the claims in one suit may not

and will not result in a lessening of the number of suits, but in effect will be simply the tying of separate and individual suits into one bundle. There will be just as many issues or could be just as many issues as there are defendants, each issue being tried by separate witnesses and each issue of fact possibly having no relation with other issues of fact raised by other defendants.

Another consideration is the fact that time is of value and to make one citizen attend fifty other trials with which he has nothing to do and which may last for weeks, in order that he may properly defend his own, an unrelated suit, is certainly an injustice which should not be worked against a citizen. It will further be noticed that what is sought to be done in the case at bar is simply to recover a personal money judgment against a number of individuals. It would certainly not be permissible to consolidate all of these suits into one action on the law side, and if it be permissible on the equity side, it must be because of some doctrine preventing a multiplicity of suits or because of the authorization of the statute.

## I.

WILL THE EQUITABLE DOCTRINE OF ENTERTAINING JURISDICTION TO PREVENT A MULTIPLICITY OF SUITS FURNISH AUTHORIZATION FOR THE PROCEDURE HERE TAKEN? There is no common ground between the defendants as to subject-matter or obligation. They are sued because of each man's relation and contract with the bank. The plaintiff, under the statute, the bank or its receiver, has no common ground of legal liability against all of the defendants. He may have a similar ground, but not a common one. Each defendant's liability takes its origin from different sources; namely, from his individual purchase of or subscription to stock of the bank. The only possible common element, as it seems to us, is that possibly a common legal question or question of fact might arise to be settled.

Mr. Pomeroy in the last edition of his work, section 245, divides the possible conditions under which the doctrine of jurisdiction to prevent a multiplicity of suits might be contended for into four classes.

A.   Leaving aside for the moment the conflict of opinion as to whether or not a common interest in the legal question or questions is sufficient to found jurisdiction, we submit that under any theory held by any court for the jurisdiction to be exercised, it must appear that a multiplicity of suits will be prevented or issues consolidated.   (See Pomeroy, last edition, section 251½.) Whether the jurisdiction exists or not, it will not be exercised where the fundamental reason for its exercise is absent; that is, where it will not, as a matter of fact, simplify the situation or prevent a multiplicity of suits and issues.   If the result of equity cognizance will be simply the binding of a number of suits into one bundle with no simplification or consolidation of issues, the jurisdiction will not be exercised even though it exists. *Hale* v. *Allison,* 188 U. S. 56.

The doctrine that a community of interest simply in the questions of law or fact involved in the controversy is sufficient is not the doctrine in Mississippi.   *Van Aukin* v. *Damiere,* 27 Oregon, 40 Pac. 89; *Miller* v. *Willett,* 71 N. J. Eq. 741, 65 Atl. 981; *Tomkins* v. *Craig,* 93 Fed. 885; *Burke* v. *Shear,* 89 Neb. 80, 33 L. R. A. (N. S.) 1057; *Rogers* v. *Boston Club,* 205 Mass. 261, 28 L. R. A. (N. S.) 743.

B.   It is a well-known fact that there is a conflict of opinion relative to Pomeroy's third and fourth classes in respect to what community of interest must exist between the parties in order that equity may entertain jurisdiction on the ground of preventing a multiplicity of suits.   One position, that taken by Mr. Pomeroy and which may be called the "Pomeroy Rule," is that a community of interest merely in the questions of law and fact involved is sufficient.   The other position which may

be called "The Tribette Case Doctrine" or "Mississippi Doctrine" is that this is not sufficient.

The Tribette case, the leading case on the subject, or at least one of such, was decided by the supreme court of Mississippi in 70 Miss. 182, and has been followed and approved by other jurisdictions and by text-writers of the highest standard. We take it that it is the settled rule of Mississippi. The case was overruled once, but was afterwards re-examined and affirmed in the case of *Cumberland Telephone & Telegraph Company* v. *Williamson*, 101 Miss. 1, and has been re-affirmed in every decision practically dealing with the subject since that time.

With the court's permission, we should like to examine some of our own decisions as authoritative in the case at bar. *Tribette Case*, 70 Miss. 182; *Railroad Company* v. *Garrison*, 81 Miss. 257; *Hightower* v. *Railroad*, 83 Miss. 707; *Telephone Co.* v. *Williamson*, 101 Miss. 1; *Oil Company* v. *Sessums, et al.*, 102 Miss. 181; *Railroad Company* v. *Walker*, 103 Miss. 836; *Newell* v. *Railroad Company*, 106 Miss. 182; *Guice* v. *Railroad*, 111 Miss. 36; *Yazoo & Mississippi Valley Railroad Co.* v. *McConnell*, 127 Miss. 581; *Insurance Co.* v. *Lumber Co.*, 103 Miss. 816.

C. At this point, we desire to call the court's attention to two cases that were cited at the trial of the case in the court below and which seemed to have been persuasive with the learned chancellor who there presided. *Ventress* v. *Wallace*, 111 Miss. 357; *Pate* v. *Bank of Newton*, 116 Miss. 667.

In view of the cases cited above, and we have endeavored to take all of the cases from the Tribette case to date, though some may have been overlooked, we are unable to see how the suit at bar can be maintained. We can find no common right nor title, no independent equity either in the stockholder or the bank, no tie except in the possible question of law and fact involved, which this court has held repeatedly to be insufficient.

## II.

It was urged in the court below and may be here again urged that the statute confers the right to bring the suit to enforce the stock liability either in law or in equity. It is true that the statute does say that the liability may be enforced by an action either at law or in equity. But this is an entirely different thing from saying that all may be sued in one suit. And to hold that simply because all may be proceeded against in the equity court, the legislature intended to permit the consolidation of all suits in one is to read into the statute something that is not there and is to hold that the legislature meant to carve out of the general doctrine as announced by the court of Mississippi an exception in favor of one particular litigant, the insolvent bank or its receiver, when every consideration of policy and justice that dictates the general rule as announced by this court applies as much to a suit to enforce a stockholder's liability under the statute as to any other kind of suit.

*Watkins, Watkins & Eager,* for appellee.

The bill of complaint in this cause is founded upon section 3619, Hemingway's Code. This identical section of the Banking Act has heretofore been upheld by this court in *Pate* v. *Bank of Newton,* 116 Miss. 666. This sole question raised in the present case is as to the misjoinder of the defendants, it being the contention of the appellants that this suit cannot be brought against all of the stockholders in one suit, but that a separate and distinct suit should be filed against each individual stockholder.

It is our contention that the *Pate case, supra,* which was an exhaustive inquiry into the Banking Act, of which the above quoted section is a part, has completely settled the validity of the act and that the liability established by the statute may be enforced by one bill in equity. Counsel for appellants in their most able brief

contend that the question now raised was not directly
raised in the Pate case, and, therefore, that feature of the
case is still open for decision by the court.

## I

ASIDE FROM THE EXPRESS AUTHORITY OF THE STATUTE,
THE APPELLANTS ARE PROPERLY JOINED BECAUSE THE BILL
PRAYS FOR AN ACCOUNTING AND THIS ACCOUNTING AFFECTS
THE RIGHT OF EVERY STOCKHOLDER AND THEREFORE CRE-
ATES IN EVERY STOCKHOLDER A COMMON INTEREST IN THE
ENTIRE CONTROVERSY. *Miller et al.* v. *Smith,* Rhode
Island, 66 L. R. A. 473; *Zang* v. *Wyant,* 25 Colo. 551, 71
Am. St. Rep. 145, 56 Pac. 565. Equitable jurisdiction
was entertained in *Ventress* v. *Wallace,* 111 Miss. 357,
to avoid a multiplicity of suits because an accounting
would probably be necessary. The opinion in this case
covers nearly twenty pages and we think is in line with
our own views and we respectfully refer the court to
the entire opinion.

The case of *Bailey* v. *Tillinghast,* (C. C. A. 6th Civ.),
99 Fed. 801, was a suit of liquidators of a national bank
on stockholder's liability, which stockholders' liability
was several and not joint. The question was presented
as to whether or not all could be joined in one suit. See,
too, *Moore* v. *Ripley* (Ga.), 32 S. E. 647. In a note to
*Rogers* v. *Boston Club,* (Mass.), 28 L. R. A. (N. S.), 743,
the rule is announced.

## II.

THE STATUTE CREATING THE SO-CALLED DOUBLE LIA-
BILITY ITSELF CONFERS JURISDICTION UPON THE CHANCERY
COURT TO HEAR AND DETERMINE THE ENTIRE CONTROVERSY
IN ONE SUIT. We believe that the very language of the
statute itself clearly authorizes the liability of all stock-
holders to be enforced in one proceeding, and in support
of this statement we call the attention of the court to
the first part of section 3619 of Hemingway's Code,

which is section 59 of the Banking Act. In conclusion, see paragraph 40 of the chapter on Banks, 3 R. C. L. 412.

We respectfully submit that this line of reasoning is appropriate to the case at bar and, in fact, outlines and lays down the only procedure which it is practical to follow.

HOLDEN, P. J., delivered the opinion of the court.

The suit is by bill in chancery by the Delta Bank & Trust Company, through the state banking department liquidating the bank, to recover from certain stockholders the value of the stock held by them in the bank, the proceeding being under the statute, section 3619, Hemingway's Code, making the stockholders liable for the amount of their stock; the statute being generally spoken of as the "statute imposing double liability on stockholders of a bank."

The action was brought against all of the stockholders in one suit. There was a demurrer attacking the suit on the ground that such a procedure joining all the defendants in one suit was not permissible; that is to say, one suit against all of the stockholders, instead of separate suits against each stockholder, cannot be maintained. Therefore the only question presented for our decision is whether or not one suit against all of the stockholders to enforce their liability where the bank has failed can be maintained. The lower court held in the affirmative.

It will be noticed that section 3619, Hemingway's Code, which imposes double liability upon stockholders of a bank which fails, provides:

"Such liability may be enforced in a suit at law or in equity by any such bank in process of liquidation, or by any receiver or other officers succeeding to the legal rights of said bank."

The appellee contends this section confers jurisdiction upon the chancery court and authorizes one suit against all of the stockholders liable on their stock. The appellant contends the section merely gives jurisdiction to the chancery court in suits against the stockholders, but that it does not authorize one suit against all stockholders.

The bill admitted to be true by the demurrer, alleges, in part, as follows: "The complainants allege that this suit is brought for the purpose of an accounting in order that the amount owing by each of the defendants herein to the Delta Bank & Trust Company may be definitely fixed and determined, and in order to force said stockholders to pay the amount owing by them. That all of said stockholders residing in the state of Mississippi who have not discharged their stockholders' liability are made defendants hereto and joined in this suit in order to avoid a multiplicity of suits; that this court has jurisdiction over said defendants, and each of them, in this suit; that the law and the facts pertaining to each defendant herein and the controversy between such defendants and the complainants are identical; that this court can try and determine the cause of the complainants against each of the said defendants in one proceeding and at one time with great convenience and at much less expense."

Whether the statute expressly authorizes the bringing of one suit against all of the stockholders we think is unnecessary to decide, because it is our judgment that the allegations of the bill are sufficient to maintain the one action against all of the stockholders of the bank.

The stockholders have a common interest in the bank and its liquidation; they are called upon for an accounting as between themselves and the bank which affects their individual and common interest; the rights and interests of all the stockholders originate and come from the same source, a common enterprise, the bank. The parties and interests are practically identical, and sepa-

rate suits are not necessary in order to afford the defendants separate individual defenses.

As between the stockholders there is a community of interest in the subject-matter and a common right and title involved, because every stockholder is a part owner of the assets of the bank, and therefore a necessary party for the purpose of determining the primary question as to the amount of the deficit which will exist after the exhaustion of all their assets, and upon the settlement of this question depends the responsibility of the different stockholders, and the suit also adjudicates at one time the exact liability of the respective stockholders.

The one suit in equity against all of the stockholders is more in the nature of an accounting and adjudication between them and their bank as to their respective liabilities in a common enterprise. Therefore we think the one suit against all the stockholders is maintainable, and the decree of the lower court will be affirmed and the cause remanded for further proceedings.

*Affirmed, and cause remanded for further proceedings.*

## On Suggestion of Error.

Appellants in their suggestion of error vigorously challenge the soundness of the opinion handed down in this case. It is provided, among other things, in section 160 of the Constitution, that in all cases where the chancery court "exercised jurisdiction, auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted or the legal title established by a suit at law." Section 161 of the Constitution provides, among other things, for jurisdiction in the chancery courts of suits "involving inquiry into matters of mutual accounts."

It is true under the decisions of this court that the state banking department is entitled to recover from each stockholder the full amount of the par value of his stock, regardless of whether the entire recovery be

needed in the administration of the affairs of the bank or not. It is hardly conceivable, however, that all judgments against the stockholders could be collected to their full amount. Take, for illustration, a bank of one hundred thousand dollars capital, with one hundred stockholders of shares of the par value of one thousand dollars each. Judgments at law are recovered against each one of them for the amount of his liability under the statute. One-fourth of the stockholders are execution proof; the judgments against them are worthless. On the judgments against the balance of the stockholders, after due diligence in their enforcement, there is collected varying proportions of their liability, ranging from ten per cent. to one hundred per cent. And it is found, after all efforts to enforce the judgments have been exhausted, and after discharging all obligations for which the fund is liable, there is left twenty-five thousand dollars of it to go back to the stockholders. As it appears to us, the settlement of such a matter would involve inquiry into mutual accounts, and, furthermore, that the circuit court would be wholly inadequate to administer the required relief. It would be necessary to have all the parties before one court in one cause, in order to furnish an adequate remedy. One of the original heads of equity jurisdiction was the lack of an adequate remedy at law. We are unable to see how the affairs of an insolvent bank in liquidation under the state banking law could be justly and adequately administered in a court of law.

*Suggestion of error overruled.*