LOVE, SUPERINTENDENT OF BANKS, *v.* HOOKER *et al.*

(Division A. Nov. 20, 1933.)

[150 So. 917. No. 30797.]

Cooper & Thomas, of Indianola, for appellant.

**Oscar B. Townsend,** of Indianola, for appellees.

**Cook, J.**, delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Humphreys county, rendered in the matter of the liquidation of the Isola State Bank, and directing the superintendent of banks to issue to the appellees a guaranty certificate for the full amount of their deposit in said bank.

The appellees filed a petition alleging that, at the time the Isola State Bank was taken over by the state banking department for liquidation, they had on deposit in said bank the sum of two hundred sixty-one dollars and ninety-three cents; that the superintendent of banks and the liquidating agent thereof had refused, after demand, to issue to them a guaranty certificate for said sum, and praying for an order directing them to issue to the petitioners the proper certificate. The superintendent of banks, in answer to this petition, denied that appellees were entitled to a guaranty certificate for the amount of their deposit, and averred that R. H. Hooker, who died prior to the closing of said bank, owned at the time of his death two shares of stock of said bank, of the par value of one hundred dollars each; that the petitioners as the sole heirs at law of said R. H. Hooker, deceased, became the owners of said stock by inheritance; that by virtue of their ownership of said stock the appellees were liable for the statutory superadded liability of the amount of their stock at the par value thereof; that the appellees' deposit in said bank at the time it closed had been offset against their stock liability; and that a guaranty certificate for the balance of said deposit remaining after thus discharging their statutory liability had been offered to appellees and had been refused by them.

On the trial of the cause it was admitted that R. H. Hooker, during his lifetime, owned two shares of stock in the Isola State Bank, and that the appellees were the sole heirs at law of the said R. H. Hooker, deceased, but the appellees offered evidence intended to prove that the deposit standing in their name at the time the bank closed represented insurance money that was exempt from all liability for the debts of the insured. The appellee Mrs. R. H. Hooker testified that as the beneficiary in an insurance policy on the life of her deceased husband she received the sum of six thousand dollars, and that of this sum she deposited about one thousand dollars in the Isola State Bank to the joint credit of herself and the appellee C. L. Hooker, and that the balance of two hundred sixty-one dollars and ninety-three cents represented insurance money which was exempt from all liability for the debts of her deceased husband, the insured. She admitted, however, that after she deposited this insurance money in said bank she subsequently made numerous small deposits of other money, which amounted to more than the balance on deposit at the time of the closing of said bank.

The argument of counsel for the appellees seems to proceed upon the theory that the stock liability on the two shares of stock owned by R. H. Hooker, deceased, is that of his estate, and that the money on deposit in the defunct bank was the proceeds of an insurance policy on the life of the deceased stockholder, which was exempt from liability for his debts. The proof fails to sustain the contention that the deposit in question was exempt insurance money, but rather establishes the fact that it was money of the depositors derived from other sources, but under our view of this case that fact is wholly immaterial.

It seems to be practically the universal rule that where a statute imposes double liability upon stockholders in insolvent corporations, enforceable for the benefit of corporate creditors, a stockholder, when sued by the

receiver to enforce such liability, cannot set off against his liability as stockholder an indebtedness owing him from the corporation. Reimers, Receiver, v. Larson et al., 52 N. D. 297, 202 N. W. 653, 40 A. L. R. 1177, and note appended to the report of this case in 40 A. L. R. beginning on page 1183. The ground upon which this rule seems to be based is that to allow such offset to a stockholder of an insolvent corporation, who is a creditor of such corporation, would in effect grant a preference to such stockholder over other creditors. As to whether or not this rule would, under the authority conferred by section 3815, Code 1930, to collect the superadded stock liability, prevent the state banking department from applying any part of a stockholder's deposit in an insolvent bank, other than such dividends as were properly payable to depositors, to the discharge of such statutory stock liability, it will be unnecessary to here decide, for the reason that the decree of the court below must be affirmed on account of the failure of the evidence to establish any personal liability of the appellees for this statutory stock liability. In any event, in order to justify the application of the personal deposit of the appellees in discharge of this stock liability, it was necessary for the superintendent of banks to show that they were personally liable therefor, and this the evidence fails to do. Section 3803, Code 1930, provides that ''the liability of any stockholder in a bank upon transferring his stock in such bank to another shall not cease until the next regular or special examination of said bank following the date of transfer of said stock and not then unless such examination shows the bank to be solvent; but the purchaser's liability shall begin after the next ensuing examination showing the bank to be solvent.'' The record shows the date of the death of R. H. Hooker, but it wholly fails to show the date that the bank was taken over for liquidation, or facts necessary to relieve the estate of the deceased stockholder of liability on this stock, or to charge the appellees

with such liability. It wholly fails to show that the estate of the deceased was insolvent, or that any assets of said estate had passed into the hands of the appellees, or that any examination of said bank showing it to be solvent was made following the death of the stockholder and before the closing of the bank. The decree of the court below will, therefore, be affirmed.

Affirmed.