ANDERSON *et al. v.* LOVE, SUPERINTENDENT OF BANKS.

(Division A. Dec. 5, 1933.)

[151 So. 366. No. 30829.]

(Division A.  Feb. 26, 1934.)

[153  So.  369.  No.  30829.]

221

For former opinion, see 151 So. 366.

**W. C. Sweat,** of Corinth, for appellants, contributing stockholders.

**W. H. Kier,** of Corinth, for appellant, Mrs. Sam Brackstone.

**Ely B. Mitchell,** of Corinth, for appellant, Mrs. W. F. Elgin.

**E. C. Sharp**, of Jackson, for appellant.

230

Flowers, Brown & Hester, of Jackson, for appellee.

Argued orally by **Ely B. Mitchell** and **W. C. Sweat**, for appellant, and by **Clyde Hester**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellee exhibited a bill in equity against the stockholders of the Corinth Bank & Trust Company, now in the hands of the appellee for liquidation. Some time prior to the taking over of the bank by the appellee some of its stockholders paid to the bank the amount of their double liability on their stock, and others gave notes therefor under circumstances hereinafter to be set forth. One of the stockholders, a nonresident of Alcorn county, challenged the jurisdiction of the court as to him. Some of the stockholders had money on deposit with the bank when it was taken over by the appellee. The appellee did nothing formally evidencing his decision that the bank was insolvent before bringing the suit.

Pretermitting for the present the jurisdictional question raised by Sharp, the other questions presented for decision are: First, was the suit prematurely brought; that is to say, should the superintendent have first, in some formal way, declared the bank insolvent before bringing the suit? Second, are the stockholders who had money on deposit with the bank entitled to set off the amount thereof against their double liability on the stock? And, third, the questions growing out of the alleged payment by the stockholders of their double liability.

Section 3815, Code 1930, provides that: ''The stockholders of every bank shall be individually liable, actually and ratably, and not for one another, for the benefit of the depositors in said bank to the amount of their stock at the par value thereof, in addition to said stock. . . . Such liability may be enforced in a suit at law or in equity by any such bank in process of liquidation, or by the superintendent of banks, or other officer succeeding to the legal rights of said bank.'' This statute does not require the superintendent of banks to formally declare a bank in liquidation before suing the stockholders thereof for the amount of the par value of their stock. All that is necessary is for him to make it reasonably appear that the assets of the bank will be insufficient to pay its depositors. Pate v. Bank of Newton, 116 Miss. 666, 77 So. 601.

When sued under this statute, the stockholders are without the right to set off any deposit of money they have with the bank against their liability thereunder, and thereby obtain a preference over the other depositors. Love, Superintendent of Banks, v. Mrs. R. H. Hooker (Miss.), 150 So. 917, decided November 20, 1933; Reimers, Receiver, v. Larson, 52 N. D. 297, 202 N. W. 653, 40 A. L. R. 1177, and note thereto. This statutory liability of the stockholders is not a debt due the bank by the stockholders, but is a security for the benefit of the bank's depositors who are entitled thereto free of equities between the bank and its stockholders. However, it is said by counsel for the appellants, and admitted by counsel for the appellee, that it has been the uniform custom of the banking department to permit such offsets when collecting the statutory liability of the stockholders of a bank to its depositors, and that this departmental construction of the statute should not now be departed from. If the proper construction of the statute in this particular was doubtful, the construction put thereon by the banking department would be entitled to great weight; but such is not the case, the banking depart-

ment's heretofore construction of the statute was clearly erroneous.

The third question grows out of the following state of facts: On the 12th day of June, 1928, more than two years before the bank was taken over by the appellee, its board of directors adopted a resolution, which the reporter will set out in full. Pursuant to this resolution, some of the appellants paid the bank in question and others gave it their promissory notes, which together aggregated one hundred thirteen thousand seven hundred ten dollars and ninety-eight cents. The bank then delivered to the trustees under the agreement notes and securities, the par value of which aggregated one hundred seventy-eight thousand four hundred seventy-nine dollars and twenty-seven cents. The trustees thereupon, without consultation with any one, and we will assume without authority, allocated to the appellants a sufficient number of these notes and securities to aggregate, according to their par value, one hundred thirteen thousand seven hundred ten dollars and ninety-eight cents. They retained the other notes and securities and made collections on notes coming within each class, keeping their accounts so as to designate from which class the collections were made. All the money so collected by them, except a small amount which they distributed to the appellants, was deposited by them in the Corinth Bank & Trust Company to their credit, and so there remained until the bank was taken over by the appellee. The appellants each claimed the right to set off his pro rata of the money so collected by the trustees and deposited with the Corinth Bank & Trust Company. The court below allowed the set-off as to the money collected on the notes and securities allocated by the trustees to the appellants, but declined to allow it as to the money collected on the other notes and securities.

The appellee filed no cross-appeal to the set-off allowed the appellants, and consequently that ruling cannot be here disturbed, but the correctness thereof is necessarily involved in deciding whether the additional

set-off claimed by the appellants should have been allowed. The contention of the appellants is that all of this money was wrongfully deposited in and received by the bank; therefore the bank held it as a trust fund for their benefit. When the trustees collected money on the notes and securities which they had allocated to the appellants, it became their duty within a reasonable time thereafter to distribute it pro rata among the appellants, and for the purpose of the argument we will assume that such also was their duty as to the money collected on the other notes and securities, in so far as the question here under consideration is concerned. Pending this distribution, the trustees had the right to deposit the money in a bank to their credit to be thereafter drawn out and distributed in accordance with the trust agreement; the bank, in receiving it on deposit and retaining it subject to the right of the trustees to withdraw it, violated no right of the cestui que trustent. The trust was not that of the bank but of the trustees in the trust agreement. That the money was deposited in this particular bank is of no consequence. It had the same right to receive it as any other bank would have had. The wrong done the appellants, if any, was by the trustees in delaying to pay the money over to them, for which the bank is not liable. Had the trust agreement required the money to be deposited with this bank, and it had been wrongfully retained by the bank after being so deposited, a different question would be presented, as to which we express no opinion.

This brings us to the jurisdictional question raised by Sharp as to him. The venue of this case is controlled by the provision of section 363, Code 1930, that "all cases not otherwise provided may be brought in the chancery court of any county where the defendant, or any necessary party defendant, may reside or be found." Had the appellee instituted separate suits against each of the stockholders, as he had the right to do, he would, of course, have had to sue each of them in the county of his residence, but he had the right to join all of the

stockholders in a suit in equity, all of them being proper parties thereto. Abbey v. Delta Bank & Trust Co., 139 Miss. 36, 103 So. 801. Such a suit, of course, must be filed in a county where a necessary party thereto is found. Leaving out of view what was said in Abbey v. Delta Bank & Trust Company, supra, as to all of the stockholders being necessary parties, one of them certainly is such, and there is no contention here that none of the stockholders who are parties defendant to the bill reside in the county in which the suit was brought. The conditions of the statute were therefore met.

The complaints of the ruling of the court below on the cross-bill, not hereinbefore disposed of, are governed by Love v. State, for use of King (Miss.), 145 So. 619.

Affirmed.

## On Suggestion of Error.

**Smith, C. J.**, delivered the opinion of the court, on suggestion of error.

This case was affirmed on a former day of the court, and the appellants now suggest that we erred in affirming the action of the court below in disallowing a portion of its set-off claimed under the trust agreement referred to in the original opinion. In this they are correct; and that portion of the opinion will be withdrawn in so far as it affects this case, or as a precedent for future cases.

The error in the original opinion was one of fact, and will be hereinafter made to appear. The facts on which the claim to this set-off is based are substantially as follows: On the 12th day of June, 1928, more than two years before the bank was taken over by the appellee, the board of directors adopted a resolution (which is set out in 151 So. 367). Pursuant to this resolution some of the appellants paid the bank in money, and others gave it their promissory notes, which, together, aggregated one hundred thirteen thousand seven hundred ten dollars and ninety-eight cents. The bank delivered to

the trustees, under the trust agreement, notes and securities, the par value of which aggregated one hundred seventy-eight thousand four hundred seventy-nine dollars and twenty-seven cents. The trustees thereafter collected a part of the amount due on a large number of these notes. They paid a small portion thereof to the appellants and deposited the other in the bank as collected. When the first collections were made, the money realized therefrom was deposited to the credit of the trustees, but this continued for only a short time when the account, with the consent of the trustees, was changed and thereafter designated on the bank's books as "directors' account," and was not thereafter checked on by the trustees. It constituted what is designated as a revolving account, and the greater part, if not all, of the money deposited therein seems to have been used by the bank to retire other paper due the bank. The error in the former opinion was in stating that this deposit continued in the name of the trustees at all times subject to their check. Some time after these notes were delivered to the trustees, all of whom were officers of the bank, one of them, without consultation with the others, or with any other person, separated them into two portions, one containing notes aggregating one hundred thirteen thousand seven hundred ten dollars and ninety-eight cents, and mentally allocated them to the purposes of the trust. The court below held that only the notes allocated by the trustee to the purposes of the trust became subject thereto, allowed the appellants' claim to a set-off to the extent of the collections on these notes, but disallowed it as to collections on the other notes.

The appellee's main contention seems to be that it was the intention of the bank in delivering these notes to subject only a sufficient part of them to aggregate at their face value the amount of money paid to the bank by the stockholders under the trust agreement, and that

the trustee had the right to allocate them accordingly. This, as hereinbefore stated, was the theory on which the court below acted, but it is not supported by the evidence; for it is clear therefrom that all the notes were turned over to the trustees under the trust agreement. It is true that the bank was under no obligation to deliver to the trustees notes in excess of the par value of the amount paid it by the appellants under the trust agreement; but it had the right to do so, and, when it did, the notes became subject to the terms of the trust.

It may be that to the extent of the notes of par value in excess of the amount paid the bank by the appellants, the trust was voluntary; but, if so, the bank was nevertheless bound thereby, had no right thereafter to revoke it without the consent of the trust beneficiaries, and the trustees could deal with it only in accordance with the terms of the trust, for the rule is: "Unless a power to revoke or modify is expressly reserved, or the creation of the trust is affected by fraud, duress, or mistake, the settlor has no power to revoke or modify the trust, even though it was created without consideration." Bogert on Trusts, p. 248; 1 Perry on Trusts (7 Ed.), sec. 104 p. 132; 26 R. C. L. 1207; 65 C. J. 340; Nelson v. Ratliff, 72 Miss. 656, 18 So. 487. When the bank received from the trustees the money collected by them under the trust, as hereinbefore set forth, it held it under the terms of the trust subject thereto.

This brings us to the question of the appellants' right to set off the amount due them by the bank under this trust against their liability to the appellee, under section 3815, Code 1930, to the amount of their stock in bank. In answering this question we will confine ourselves strictly to the contentions of the appellee, and will not inquire into other matters that might relate thereto. The appellee admits the appellants' right of setoff as to the collections on the notes allocated to the trust by the trustees, and contends that the remainder

of the notes did not become subject thereto. This contention, as hereinbefore set forth, is not maintainable; and, if that is the only reason why the set-off should not be allowed, then the appellants are entitled to it. The former judgment herein will be set aside in so far as it disallows the set-off here claimed, the decree of the court below reversed, and decree will be rendered here in accordance with this opinion.

So ordered.