CAROTHERS *et al. v.* LOVE, SUPERINTENDENT OF BANKS.

(Division B. Feb. 5, 1934.)

[152 So. 483. No. 30963.]

(Division B. March 19, 1934.)

[153 So. 389. No. 30963.]

**E. C. Sharp,** of Jackson, for appellants.

Flowers, Brown & Hester, of Jackson, and C. R. Bolton, of Tupelo, for appellee.

Argued orally by **E. C. Sharp,** for appellants, and by **Clyde Hester** and **C. R. Bolton,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee instituted suit against a number of stock-holders of the Booneville Banking Company, a state bank in liquidation, and, from the decree in his favor, five of them or their personal representatives have appealed. The record is involved in such a multitude of facts that we have concluded that to attempt to make an accurate and detailed statement thereof and to discuss the many points of law raised by the parties would produce an opinion too lengthy to be of practical value. Therefore, except as to the law point covered in the last paragraph of this opinion, we shall confine ourselves to a resume of our conclusions:

(a) In the matter of the Sanders' estate: The main contention here has been ruled adversely to appellant in Anderson v. Love (Miss.), 151 So. 366, and, since the decree was against the representative as such, and was not a personal decree, the other objections disappear.

(b) In the matter of Carothers: Looking through the form to the substance, the margin account created by, and credited for, the fifteen thousand dollars note and deed of trust, was equivalent to an original deposit of that amount against which is to be deducted the over-draft account of thirteen thousand one hundred two dollars and twenty-one cents, thus leaving the balance as an original deposit. This cannot be set off against the stock liability, as was held in Anderson v. Love, supra. For more than one reason, the arrangement said to have been made with Creekmore, former liquidator, cannot be availed of here.

(c) In the matter of the Whitesides' estates: There is and can be no objection to the decree as to the fifteen shares originally owned by W. R. Whitesides. As to the fifteen shares which he inherited from his son, the objections are not maintained, because the testimony shows that, aside from those shares, he actually received from his son's estate more than the one thousand five hundred dollars represented by those shares, and that he so dealt

with the said fifteen shares and with the son's estate as to fasten upon him the status of a voluntary stockholder in relation to the last-mentioned fifteen shares. But the evidence is not sufficient in these respects as to Mrs. Alice Jordan Whitesides, and her estate is to be held only for what she actually received from or through the estate of her deceased son up to, but not more than, one thousand five hundred dollars.

The decree will be affirmed as to all the appellants except the personal representative of Mrs. Alice Jordan Whitesides, and will be reversed and remanded as to that particular estate, the cost of the appeal to be taxed against the other appellants.

The objection that the demand against the Whitesides' estates was not properly probated is immaterial. The death of all three of the Whitesides, whose estates are involved here, occurred before the bank closed its doors and went into liquidation. At the time of their deaths, their stockholders' liability had not ripened into a claim. The double liability of a voluntary stockholder in a bank, although rooted into and a part of his express or implied contract of subscription to the stock, remains inchoate and immature until the bank closes its doors, goes into liquidation, and it thereupon reasonably appears that the assets of the bank will be insufficient to pay its depositors. Gift v. Love, 164 Miss. 442, 144 So. 562, 86 A. L. R. 63; Anderson v. Love, supra. Until that time, it has no ascertained, enforceable existence, and therefore has been contingent and not absolute—until that time it was a liability and not a claim. Harris v. Hutcheson, 65 Miss. 9, 3 So. 34; Robinett v. Starling, 72 Miss. 652, 18 So. 421. It follows that it is not necessary to probate a demand for stockholder's liability when the stockholder has died before the closing of the bank. This was conceded in Board of Bank Examiners v. Grenada Bank, 135 Miss. 243, 99 So. 903, and is sustained by the authorities where the identical question has been ruled upon, as, for instance,

in Hirning v. Kurle, 54 S. D. 334, 223 N. W. 212, Miller & Lux v. Katz, 10 Cal. App. 576, 102 P. 946. If it were not so held, the result would be brought about that, where the closing of the bank occurred more than six months after the publication for probate of claims against the estate of a deceased stockholder, the estate would escape liability altogether.

Affirmed in part, and reversed in part.

ON SUGGESTION OF ERROR.

**Ethridge, P. J.,** delivered the opinion of the court, on suggestion of error.

It was erroneously stated in the former opinion that Mrs. W. R. Whitesides died prior to the closing of the bank for liquidation, and for that reason it was immaterial as to whether the claim of the bank for the stockholders' liability on the stock held by A. W. Whitesides, deceased, had been properly made or not.

The fact was that the bank was closed prior to the death of Mrs. W. R. Whitesides, who was also named in the record as Mrs. Alice Whitesides, but subsequent to the death of W. R. Whitesides and A. W. Whitesides.

We have examined the testimony in reference to the probation of the claim against the estate of Mrs. Whitesides, and it shows that the attorney for the banking department, Mr. Bolton, made out the claim for probation and delivered it to the chancery clerk, who accepted and marked it probated upon the proper docket, but the probated claim was not placed by the clerk among the file of papers in the cause, and was lost or mislaid and could not be located at the trial of the cause in the court below. A carbon copy of the original was introduced in the record, and both the chancery clerk and Mr. Bolton, the attorney who prepared it for probation, testified that it was probated.

It is argued originally and on the suggestion of error

that because the paper was not among the papers in the cause, and there was nothing produced before the court showing the entry on the probated claim of the words, "Probated and allowed for $————," it was void under section 1671, Code 1930.

To sustain this contention would be to place it within the power of a chancery clerk to deprive a party probating a claim of his rights, should the clerk, through negligence or otherwise, fail to place the papers among the files. We do not think parties probating claims should suffer from the failure of clerks to place probated claims in the files and keep them there.

The claim here involved is not a contractual claim, but one for liability imposed by statute, and is based upon statute and not upon contractual writing.

In the case at bar, there is no prejudice to any person by reason of the failure of the clerk to keep the probated claim among the papers. The docket gave the same information as to the nature and character of the claim as the original probate could have given. It is, of course, important to have papers properly placed and the proper notation entered by the clerk, and we do not mean to approve any lack of diligence or care in such cases.

After a full consideration of the suggestion of error, we think the conclusion reached in the original opinion is sound, and the suggestion of error will therefore be overruled.

Suggestion of error overruled.