JORDAN *et al. v.* LOVE.

(Division B. Dec. 3, 1934. Suggestion of Error Overruled Jan. 14, 1935.)

[157 So. 877. No. 31427.]

C. E. **Morgan**, of Kosciusko, and **A. M. Byrd**, of Meridian, for appellants.

C. R. Bolton, of Tupelo, for appellee.

Argued orally by **C. E. Morgan**, for appellant, and by **C. R. Bolton**, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The Bank of Guntown, in liquidation, being the holder of an unpaid note made by appellants' decedent, sent within due time the original note, together with the statutory attached affidavit, to the chancery clerk for probate, allowance, and registration. At the same time, the bank requested that it be permitted to withdraw the note after the clerk had made and retained a certified copy thereof, as required by the statute. In order to facilitate the work of the clerk, the bank sent with its sworn petition for probate, not only the original note, but also a true copy thereof, and on the same sheet of paper on which the note was copied, a full form of certificate was written out, to be executed and retained by the clerk, that the copy furnished was a true and correct copy of the original note.

The clerk admitted the note to probate by the statutory indorsement on the claim, and, after comparing the copy with the original, he executed the certificate that he had verified the copy and found the same to be a true and correct copy of the original; but instead of allowing the certificate to remain intact on the sheet of paper which contained the copy of the note, and instead of retaining in his office both the copy and the certificate, the clerk

tore apart the copy of the note and the certificate, and took that part which contained his certificate and at once sent it, together with the original note, back to the bank. The bank on receipt thereof failed to observe that the said certificate was sent back, together with the original note, but filed away, among its private papers, both the note and the certificate where they remained until long after the period for probation had expired.

It will thus be seen that the clerk allowed the original note to be withdrawn, and he retained simply a copy of the note, without anything kept of record by him, and to remain on file in his office, to show as a matter of public record among the papers pertaining to the estate that the original note had been placed before him and that the copy so retained had in fact been officially found by him to be a true and correct copy of the original note. In short, the clerk kept a copy, but kept nothing to officially show that it was a certified copy, or still more briefly, he kept only an uncertified copy. The case, therefore, falls within the ruling of the court in Merchants & Manufacturers Bank v. Fox, 165 Miss. 833, 147 So. 789, 790; and the contest made by appellants against the allowance of the claim should have been sustained.

Appellee seeks to distinguish the instant case from the case last mentioned, in this, that in the Fox case no certificate was ever executed by the clerk, while in this case the certificate was executed by him, although in fact he did not retain the certificate, but sent it to the creditor immediately, and the creditor retained it. Apparently, therefore, in order that the full import of the opinion in the Fox case may be better understood, it is necessary to state something further of the purposes of the additional provisions placed in section 1671, Code 1930, as compared with that section as it existed in previous Codes.

Under the previous Codes there was no requirement that the claim, whether based on a written instrument or

not, should remain on file with the clerk, and the general practice was, in nearly all the counties, that when the claim was presented to the clerk with the statutory evidence thereof, and it was found by him to be in due order, he would indorse his allowance of it upon the claim, would enter it upon the register of claims, and then hand the claim, and all the papers accompanying it, back to the creditor who would keep them until the administrator or executor was ready or was required to make payment.

This was found by experience to afford a facility for the collection of fictitious and spurious claims, particularly when the administrator or executor was a stranger to the details of the business of the decedent, and where the creditor and his papers and records were kept at an inaccessible place or in a distant state. The purpose of the additional provisions incorporated into the statute by the Code of 1930 was to correct this defect so far as practicable, and to require the evidence or evidences of the debt to remain on file in the clerk's office where the heirs or other creditors or parties in interest could better examine into the facts. But in respect to promissory notes or other valuable original instruments evidencing the debt, it was realized that the holders thereof, as, for instance, banks, would or might in the meantime have need of the originals, and besides there was the danger of loss of these originals in handling the files in the clerks' offices. It was therefore further provided that the holder of an original instrument evidencing the debt, having first presented the original to the clerk, could withdraw the original upon leaving with the clerk a certified copy made by the clerk of the original instrument so withdrawn, the said certified copy to be retained by the clerk among the official papers in his office pertaining to the estate.

Thus it was that the court said in the Fox case that "the statute in plain terms requires the clerk, when the originals are to be withdrawn, to make and retain certified copies thereof;" and in the following paragraph of the opinion in that case the court went on further to say: "The statute does not prescribe the form of the certificate, but certainly there must be under the hand and seal of the clerk sufficient to make it known as a matter of record that the clerk has had the originals placed before him and that he, the clerk, not some one else, certifies that the copies which remain with the clerk are true and correct copies of the originals." There was nothing in the Fox case and nothing in this case which made it known as a matter of official record that the clerk had had the original before him and that the copy retained was, upon the official assurance of the clerk himself, a true and correct copy of the original. The purpose of the statute, as we have already in other words said, is that this official assurance shall be a matter of record to be seen and inspected from time to time not only by the administrator or executor, but by the heirs or creditors or other parties in interest and this in the clerk's office, and not somewhere else. Except for the privilege to withdraw the original, the heirs and other parties in interest could at any time examine the original in the clerk's office; and in order to avail of the privilege to withdraw the original from the clerk's office, the creditor must furnish for the administrator, the heirs, and other parties in interest the statutory substitute for the original, which substitute is (1) a full and true copy made or verified by the clerk, (2) accompanied by his certificate of assurance as aforesaid, indorsed on the copy or appended thereto, (3) which certificate, (4) as well as the copy, must remain on file among the papers in the clerk's office. The certificate of a true copy is not at all for the benefit of the creditor. Such a certificate in-

forms him of nothing which he does not already know. It is for the benefit and information of the other parties in interest above mentioned; and to execute such a certificate and immediately hand it to the creditor, who takes it away and keeps it, manifestly falls substantially short of a compliance with the statute; and, as said also in the Fox case, ''the substance of the law on this subject is mandatory.'' See, also, Jennings v. Lowery & Berry, 147 Miss. 673, 683, 112 So. 692, and Deposit Guaranty Bank & Trust Co. v. Estate of Jordan (Miss.), 157 So. 876, this day decided.

It is urged upon us that we have recently held in Carothers v. Love, 169 Miss. 250, 257, 152 So. 483, that when the papers comprising the probate of a claim have been misplaced or lost from the files, the creditor does not lose his claim theretofore properly presented and allowed, and that we should treat the certificate in this case as if one lost or misplaced. But the misplaced certificate in the case now before us was delivered to the creditor himself and it was by his own wrong or omission that it was not immediately returned to remain on file.

The decree is reversed and the cause remanded with directions that a decree be entered sustaining the contest and disallowing the claim.

Reversed and remanded.