Mr. Justice Thacher
delivered the opinion of the court.
This is a motion against the sheriff of Madison county, under that clause of the statute which provides against any sheriff, who shall make any return upon an execution, which shall show that the sheriff hath voluntarily and without authority omitted to levy the same. H. & H. 642, sec. 42.
*238 On the 5th day of November, 1840, an attachment came to the hands of the sheriff, at the suit of Garrett against Tinnin. It was executed by his deputy, Hickerson, upon certain slaves, cotton, packed and in the seed, com, horses and mules, as returned by the sheriff at the May term, 1841, of the circuit court. At the period of the execution of the writ, and after-wards, Garrett endeavored to increase the interest of the deputy in the full and faithful discharge of his duty, especially for the safe keeping of the property seized by the writ, by the promise of a pecuniary reward for such diligent care; but, upon careful examination and comparison of the evidence, we find nothing that warrants the assumption, that he either procured or advised any act not in strict accordance with the legal duty of that officer, so as to alter that relation, or that he engaged his services other than as an officer. Notwithstanding these precautions and efforts of Garrett, which looked solely to insure satisfactory results from his attachment, the custody of some of the property was so negligently cared for by the deputy, that seven bales of cotton became lost to that officer. The narrative of the loss of this cotton plainly shows, that if due or even ordinary attention had been used, by engaging the services of such a number of legal guardians of property attached as the amount of property and its variety warranted, this loss could have been avoided. The officer also loaned one of the slaves attached, Tom, to Tinnin, the defendant in the attachment, received him again into his possession, after which he ran away to Tinnin, with whom he remained, as Tinnin confessed. Here it seems he was permitted to remain by the officer. One of the horses seized by the writ was turned by the officer into a cornfield, where he died, as appears, from want of sufficient food.
At the May term, 1841, of the circuit court, Tinnin was permitted by the court to enter special bail in the attachment suit; but the sheriff refused, and did not deliver up the property to him in consequence thereof, and the order allowing such bail was subsequently reversed by the high court of errors and appeals.
At the same term of the court, in obedience to an order issu *239 ing out of the chancery court, the sheriff delivered to Tinnin the property seized by the writ, excepting the seven bales of cotton, and the slave Tom, already in Tinnin’s hands. This order shows for itself that it was to be executed only upon the execution of a bond, with certain conditions and sureties, and the evidence establishes that the bond was not so executed. The bond was not introduced upon the trial of this motion. All the evidence relating to the order was excluded upon the trial. Immediately upon the delivery of the property, by virtue of the above order, it was again seized by the sheriff, under a second attachment of Garrett against Tinnin.
At length a judgment in favor of Garrett upon the first attachment, was rendered, and a venditioni exponas writ issued thereon, commanding the sheriff to expose to sale the property described in the return upon the writ of attachment. The sheriff’s return upon the writ of venditioni exponas is entirely silent as to the slave Tom and one of the horses, and sets forth that the seven bales of cotton had been forcibly taken from his possession. It is upon this omission, and this statement as to the cotton, that the motion in this case is predicated.
It is not to be presumed that any officer will make a return in so many words, that he has voluntarily and without authority omitted to levy an execution. The requisition of the statute, that the return must “show” such a state of case, means merely that it may be gathered from the circumstances surrounding the return and the return itself. A sheriff has the control of process, unless otherwise directed by the plaintiff, or other competent authority. He must perform his duty according to law, and he can only fail so to do by his own voluntary act. If, therefore, a sheriff so conducts himself in regard to process in his hands, that he is at last unable to render it available for its ends, he he brings himself within the statute. Now the circumstances of this case, as heretofore shown, prove that the sheriff by his own acts and omissions, placed himself in an attitude whereby he could not levy the execution as to the cotton, the slave Tom, and the horse. These consequences came from his own voluntary conduct.
*240 There is no attempt by the sheriff to falsify his return. He merely seeks to prove the truth of the facts of his return. The evidence does not sustain his attempt. The case is therefore resolved into this: that the sheriff having originally executed the attachment upon certain property which remained in his hands, undivested by any legal means, and for which he was consequently responsible, and he having failed to levy the money thereon when properly ordered, his return must be taken against him as his voluntary and unexcused omission.
From the foregoing views, it follows that the instructions asked by the plaintiff, Garrett, were improperly refused, and should have been given by the circuit court.
The instruction given to the jury in behalf of the defendant, the sheriff, was improperly so given, because the return day of the writ of venditioni exponas was a day after the date of the sheriff’s bond, against which this motion is run, and because, as we have shown, in contemplation of law, the property Was in the hands of the sheriff up to the return day, fixed by special statute, in reference to Madison county.
In the event of a judgment in favor of the plaintiff in this case, the interest allowed by statute, say thirty per cent, per annum in addition, from the date of the return of the process) follow, as of course, without a previous demand upon the sheriff. H. & H. 642, sec. 42. The demand upon the sheriff is required in the state of case comprehended in the statute H. & H. 296, sec. 25, which was referred to in Collins v. Tirrall, 2 S. & M. 387.
The judgment must be reversed, and the cause remanded for a new trial.
A petition for a rehearing was filed; it was not granted.