BRYANT *v.* SEVIER *et al.*

(In Banc. Jan. 22, 1945.)

[20 So. (2d) 582. No. 35768.]

**J. W. Kellum,** of Tutwiler, for appellant.

458

Caldwell & Caldwell, of Charleston, for appellees.

Argued orally by **J. W. Kellum**, for appellant, and by **J. H. Caldwell, Jr.**, for appellees.

**Aexander, J.**, delivered the opinion of the court.

Appellees filed their bill against appellant praying cancellation of the purported devise in the will of J. T.

Sevier to appellant as a cloud upon appellees' title to certain lands, as evidenced by a prior deed in trust to them from the said J. T. Sevier. Appellant filed answer and also a cross-bill which set up the alleged invalidity of the deed in trust as a conveyance of the title in fee. This attack was based upon the contention that the deed was testamentary in character, and that the grantor or settlor of the trust was its sole beneficiary. Demurrer to the cross-bill was sustained and the prayer of the original bill was granted, confirming the title in the appellees as trustees and canceling the testamentary devise to Mrs. Bryant.

The deed in trust is as follows:

"This indenture, made this 7th day of December, A. D. 1939, by and between J. T. Sevier (a single man), of Tallahatchie County, Mississippi, party of the first part, and Robert T. Sevier, of Madison County, Tennessee, and Henry W. White, Jr., of Knox County, Tennessee, as Trustees, parties of the second part, Witnesseth:

"That the party of the first part, for and in consideration of One Dollar ($1.00) cash to him in hand paid, receipt of which is hereby acknowledged, and of the covenants and undertakings hereinafter imposed upon and assumed by the parties of the second part, has granted, bargained, sold and conveyed, and does hereby grant, bargain, sell and convey unto the said parties of the second part the following described real estate, to-wit:

"A certain farm containing approximately 275 acres, situated in the First Judicial District of Tallahatchie County, Mississippi, and more particularly described as follows: SW½; (sic) W½ of SE¼ and SE¼ of SE¼ Section 35, Township 25, Range 1 East, less five acres out for road. To have and to hold the same, together with all improvements thereon, and the rights, privileges' and appurtenances thereto belonging, or in any wise appertaining, together with all livestock, farming implements and machinery now located thereon, unto the said

parties of the second part, their successors and assigns, in fee simple.

"This indenture is, nevertheless, in trust for the following uses and purposes, and none other, viz.:

"(1) The party of the first part, being aged and infirm in body, and desiring thereby to provide for his comfortable support during the remainder of his life, and for the care and preservation of his estate, does hereby create and establish in the parties of the second part this trust, to the end that:

"(a) The parties of the second part are to receive, take charge of, and manage the aforesaid properties, paying from the income therefrom, if sufficient for that purpose, all taxes, assessments and charges against the same, together with the expense of the operation thereof, and upkeep and repairs, accounting to and paying over to the party of first part the surplus income or profits therefrom, or so much thereof as in the opinion and discretion of the parties of the second part is needful, necessary or suitable for the comfortable support and well being of the party of first part during the remainder of his natural life; and said property is further charged with the reasonable and necessary expense of the burial of the party of the first part.

"(b) That in the event, in the discretion of the parties of the second part, it should become necessary or advisable at any time to sell said property, or any part thereof, for purposes of reinvestment, or in order to defray the expense of the support and maintenance of party of the first part, or the upkeep and maintenance of the remainder of said property, the parties of the second part are vested with full power, authority and right to sell, transfer and convey said property, or any part thereof, by their deed; and purchasers from said parties of the second part are hereby relieved and excused of the obligation of looking to the application by parties of the second part of the proceeds of any such sale.

"(c) The parties of the second part shall at frequent intervals, and at least once in each twelve months, give to the party of the first part a full and accurate accounting of all receipts and disbursements of this trust, and of how they have executed the same.

"(d) The parties of the second part shall, as soon as is reasonably possible after the death of the party of the first part (but as to this the second parties are to exercise their discretion) convert into cash all of the corpus of this trust not theretofore disposed of or consumed, and the proceeds therefrom, together with any unexpended income from the trust, shall be distributed by parties of the second part to those who upon the death of the party of the first part would be entitled under the laws of descent of the State of Mississippi, to inherit the real estate of the party of the first part; this distribution to be made after the parties of the second part have first discharged all estate and inheritance taxes, both State and Federal, which may then exist against the estate of the party of the first part or against the property herein conveyed.

"(e) The parties of the second part are excused from taking and filing oath, giving bond, filing inventories, statements or settlements with any court or tribunal, insofar as party of the first part may lawfully waive same.

"(f) In the event of the death of either of the parties of the second part before the termination of this trust, the survivor shall have and exercise all of the powers herein conferred upon said second parties.

"(2) The parties of the second part, by executing this instrument, hereby accept the trust herein imposed upon them, and agree to execute the same in accordance with the terms of this instrument.

"In witness whereof, the parties hereto have hereunto set their hands and seals on the day and year above written.

"J. T. Sevier,
"Party of the First Part
"Henry W. White, Jr.,
"Robert T. Sevier,
"Parties of the Second Part."

The instrument was duly acknowledged and recorded.

The will, executed about a year and a half after the foregoing instrument, is as follows:

"Last Will and Testament of John Turner Sevier.

"The State of Mississippi:

"Tallahatchie County:

".I, John Turner Sevier, of the aforesaid County and State, being over twenty-one years of age, and of sound and disposing mind, make this, my last will and testament. I give, devise and bequeath all my estate and property, real and personal, as follows, to-wit:

"To my half brother, Robert Sevier, I devise the following described real estate situated in the County of Tallahatchie, State of Mississippi, being described as West half of Southwest Quarter of Section Thirty-five, Township Twenty-five North, Range One East.

"To my half nephew, Henry White, I devise.the following described real estate situated in the County of Tallahatchie, State of Mississippi, being fully described as Southeast Quarter of Southwest Quarter of Section Thirty-five, Township Twenty-five North, Range 1 East.

"To my dear friend, Mrs. Gertrude Bryant, who has looked after me so faithfully during the latter days of my life, I bequeath all my personal property and also the following real estate situated in the County of Tallahatchie, State of Mississippi, said real estate being fully described as the South half and Northwest Quarter of The Southeast Quarter, and the Northeast Quarter of the Southwest Quarter of Section Thirty-five, Township Twenty-five North, Range One East.

"It is hereby provided that in the event either of the aforesaid parties, Robert Sevier, Henry White, or Mrs.

Gertrude Bryant, should contest this will then the devise to the contestant, in this instrument shall be null and void, and his property shall be divided, share and share alike, between the other two devisees named herein; and in the event two of the aforsaid devisees should contest this will, then the devise to such two contestants, in this instrument, shall be null and void, and the property devised to them shall be given to the devisee herein who does not contest this will.

"Mrs. Lille Henry of Charleston, Mississippi, the Chancery Clerk, at this time, of Tallahatchie County, Mississippi, is hereby appointed as the executrix of this will with the authority to serve as such executrix without bond.

"In witness whereof, I have signed, published and declared this instrument as my will and testament, in said County and State, this the 1th day of May, 1941.

"J. T. Sevier

"John Turner Sevier."

It is seen that the trustees in the deed are also devisees under the will of part of the estate. Our decision requires an examination of the trust instrument and its validity as creating an irrevocable trust. It is at once evident that paragraph 1(d) creates a class of beneficiaries distinct from and in addition to the settlor J. T. Sevier. He is not the sole beneficiary and the instrument is not testamentary. Restatement, Trusts, vol. 2, p. 1039; Id., vol. 1, p. 322. It reserves no power of revocation and indeed although voluntary was not subject to revocation by the subsequent will. Anderson v. Love, 19 Miss. 219, 237, 151 So. 366, 153 So. 369; 26 R. C. L. "Trusts," Sec. 49; Restatement, Trusts, vol. 2, p. 330. By its very terms the trust instrument both justifies and explains its purpose. It became immediately operative and had been before, and was at the settlor's death being, administered according to its terms. Even if it be assumed that he could during his lifetime revoke the trust, he made no effort and manifested no intention to do so. Nor do we find in

the will any provisions inconsistent with an intent, at the time the trust was created, that it should be effective according to its terms. The contentions of appellant for the most part assume that the trust was testamentary and revocable. We shall not therefore seek to analyze nor distinguish the authorities cited.

The decree of the chancellor sustaining the demurrer to the cross-bill and awarding the relief prayed for in the original bill is found correct and is affirmed.

Affirmed.